BYERS v. TERRITORY.

No. 2177.   Opinion Filed October 18, 1909.

(105 Pac. 998.)

CRIMINAL LAW—Jurisdiction—Criminal Court of Appeals. On the creation of the Criminal Court of Appeals with exclusive appellate jurisdiction in criminal cases, by operation of law it acquired authority and jurisdiction to proceed with, hold, and determine all cases of that character then pending on appeal in the Supreme Court of the state.

(Syllabus by the Court.)

Motion that order transferring cause from Supreme Court to the Criminal Court of Appeals be set aside overruled.

*A. C. Cruce, S. H. Russell,* and *A. J. Morris,* for plaintiff in error.

*Charles West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for the State.

Dunn, J. At the time of the creation of the state of Oklahoma, there was pending on the docket of the Supreme Court of the territory an action in which A. N. Byers was plaintiff in error, and the territory of Oklahoma was defendant in error. On May 18, 1908, there was approved by the Governor of the state, an act creating a Criminal Court of Appeals, and on September 3, 1908, this court made an order transferring the cause above mentioned to this newly created court for determination. On March 15, 1909, the Criminal Court of Appeals by its opinion affirmed the judgment of the trial court. On August 13, 1909, the plaintiff in error by his counsel filed motion in this court praying that the order transferring said cause from the Supreme Court to the Criminal Court of Appeals be set aside, and that the cause be reinstated on the docket of the Supreme Court, and by it decided.

It is the contention of counsel that by the provisions of the enabling act, the amendments thereto, and the Constitution of the state of Oklahoma, the Supreme Court was made the successor of the Supreme Court of the territory of Oklahoma, and as such was given exclusive appellate jurisdiction to proceed with, hold, and determine all criminal cases pending on appeal in the Supreme Court of the territory of Oklahoma at the time the state was admitted into the Union and that the jurisdiction of the Criminal Court of Appeals is expressly limited and confined to criminal cases appealed from county and district courts of the state, and hence had no jurisdiction to take or determine this cause. In support of the proposition, counsel quote from an act of Congress, approved June 16, 1906 (34 Stat. 277, c. 3335,

§ 18, Synder's Const. Okla. § 18, p. 411), popularly known as the "Enabling Act," which reads as follows:

"That the Supreme Court or other court of last resort of said state shall be deemed to be the successor of said territorial appellate courts and shall take and possess any and all jurisdiction as such, not herein otherwise specifically provided for, and shall receive and retain the custody of all books, dockets, records, and files not transferred to other courts, as herein provided, subject to the duty to furnish transcripts of all book entries in any specified case transferred to complete the record thereof."

And also from an act approved March 4, 1907 (34 Stat. 1286, c. 2911, § 2), being amendments to said act, section 17 thereof (Snyder's Const. p. 414) which reads as follows:

"That all causes, proceedings, and matters, civil or criminal, pending in the Supreme Court of the territory of Oklahoma, or in the United States Court of Appeals in the Indian Territory, not transferred to the United States Circuit or District Courts in said state of Oklahoma shall be proceeded with, held, and determined by the Supreme Court or other final appellate court of such state as the successor of said Supreme Court of the territory of Oklahoma and of the United States Court of Appeals in the Indian Territory, subject to the same right to review upon appeal or writ of error to the Supreme Court of the United States now allowed from the Supreme or final appellate court of a state under existing laws."

Also section 26 of the Schedule to the Constitution (Snyder's Const. p. 388):

"All cases, civil and criminal, pending, upon the admission of the state into the Union, in the Supreme Court of the territory of Oklahoma, on appeal or writ of error from the district or probate courts of any county or subdivision within the limits of the state, and the papers, records, proceedings, and seal of said court shall be transferred to the Supreme Court of the state, except as is otherwise provided in the enabling act of Congress."

Also section 28 of the Schedule to the Constitution (Snyder's Const. p. 389):

"The terms and provisions of an act of Congress, entitled 'An act to amend sections sixteen, seventeen and twenty, of an act entitled "An act to enable the people of Oklahoma and Indian Territory to form a Constitution and state government, and

be admitted into the Union on an equal footing with the original states; and to enable the people of New Mexico and Arizona to form a Constitution and state government and be admitted into the Union on an equal footing with the original states," ' are hereby accepted, and the jurisdiction of the cases enumerated therein is hereby assumed by the courts of the state."

Also, section 2, art. 7, p. 210, Snyder's Const.:

"The appellate jurisdiction of the Supreme Court shall be coextensive with the state, and shall extend to all civil cases at law and in equity, and to all criminal cases *until* a Criminal Court of Appeals with exclusive appellate jurisdiction in criminal cases shall be established by law."

Congress recognized, at the time the Enabling Act was passed, that there were a number of cases, civil and criminal, pending in the appellate courts of the two territories, and that a necessity would exist on the creation of the state to dispose of these cases for determination in some court to be created by the new state Constitution. It was not the purpose or policy of Congress to establish, fix, or limit the jurisdiction of the appellate courts of the state in the passage of section 17 or of any of the other sections of the Enabling Act. The terms of that section upon which counsel for movant rely are that the causes, civil and criminal, above referred to, "shall be proceeded with, held, and determined by the Supreme Court, or other final appellate court of such state as the successor of said Supreme Court of the territory of Oklahoma," etc. The power to create a state government and to adopt a Constitution limiting and defining the powers of the different departments of that government carried with it the power to fix the jurisdiction of its final appellate courts, both for civil and criminal causes. Exercising the power thus given, there was adopted as a part of section 2, art. 7, p. 210, Snyder's Const. Okla. the following:

"The appellate jurisdiction of the Supreme Court shall be coextensive with the state, and shall extend to all civil cases at law and in equity, and to all criminal cases until a Criminal Court of Appeals with exclusive appellate jurisdiction in criminal cases shall be established by law."

Under the terms of the section of the Enabling Act last re-

ferred to, the Supreme Court took jurisdiction of those criminal cases, as successor to the Supreme Court of the territory of Oklahoma; but in the section which created it, and established its jurisdiction, there was contained the proviso that its appellate jurisdiction as to criminal causes should extend to criminal cases, until a Criminal Court of Appeals should be established. On the establishment of the Criminal Court of Appeals with exclusive appellate jurisdiction in criminal cases, it then became, for the purposes of the Enabling Act and for these cases, the successor of the Supreme Court of the territory of Oklahoma. To our minds the only limitation contained in the section of the Enabling Act which we are here discussing is that the cases on appeal should be determined by an appellate court established by the Constitution or by statute, vested with jurisdiction of similar cases.

On May 18, 1908, there was approved an act passed by the First Legislature of the state of Oklahoma (Laws 1907-08, p. 291, c. 28, art. 1), section 1 of which provides that "there is hereby created a Criminal Court of Appeals, * * *" and section 2 contains the provision that "the Criminal Court of Appeals shall have exclusive appellate jurisdiction in all criminal causes appealed from the county and district courts in this state."

Section 9 of the same act provides:

"The Supreme Court is hereby authorized to transfer to said Criminal Court of Appeals of the state of Oklahoma, any criminal cases now or hereafter pending in said court for determination by said court."

Acting under these statutes, this case, along with many others of a similar character, was transferred to this newly created Criminal Court of Appeals, which thereby acquired jurisdiction to hold and determine the same. The phrase contained in section 2 of the act just referred to, providing for jurisdiction in this court of criminal causes appealed from district and county courts of the state, has reference solely to the situation which existed at the time of the creation of said court, and the author-

ity given in section 9 to the Supreme Court to transfer to the newly created Criminal Court of Appeals any criminal cases "now or hereafter pending," in our judgment, fixes in that court jurisdiction to determine the cases transferred.

On March 2, 1909, the Second Legislature passed an act perpetuating the Criminal Court of Appeals (Laws 1909, p. 170, c. 14, art. 2), and, in harmony with the construction which we have placed upon the act passed by the First Legislature, section 21 of the act just referred to provides that:

"In all criminal cases wherein any person has been convicted of crime in any court in this state prior to the date of the passage and approval of this act, and in all other criminal cases wherein the state of Oklahoma is required by law to assume the care, control, custody and jurisdiction of persons convicted of crime in any court in Indian or Oklahoma Territories, prior to statehood, and in any of the cases hereinbefore enumerated, wherein any person has been convicted and sentenced by any of the aforementioned courts to any prison, or penitentiary, situated outside of the territory now comprising the state of Oklahoma, and any such person so convicted and sentenced having heretofore taken an appeal from such conviction and sentence, which appeal is now pending before the Criminal Court of Appeals of this state; and upon the hearing of such appeal should the Criminal Court of Appeals be of opinion that the conviction and sentence in such cases should be affirmed, said court shall have the power to modify the sentence of the trial court in said case, to the extent of changing the place of confinement of the appellant, or appellants, from the prison or penitentiary situated without the state of Oklahoma designated in the judgment of said trial court, to such other place of confinement within the state as may be provided by law for persons convicted of crime."

This section to our minds makes conclusive the intention of the Legislature to confer upon the Criminal Court of Appeals full power and jurisdiction to take, hold, and determine any and all criminal causes pending on appeal in the Supreme Court at the time of its creation. This construction is not in conflict wth the terms of the Enabling Act, but is in harmony with it; it being the intent and purpose of the Enabling Act, as we have seen, to place the jurisdiction of these causes pending

on appeal in some final appellate tribunal to be established by the Constitution or by law. That such is a proper construction of the scope of the Enabling Act, see the case of *State of Montana ex rel. Haire v. Rice, State Treasurer,* 204 U. S. 291, 27 Sup. Ct. 281, 51 L. Ed. 490.

The motion is overruled.

All the Justices concur.