## COOK v. STATE.

No. 2714.   Opinion Filed May 6, 1913.

(132 Pac. 341.)

1. **CRIMINAL LAW—Jurisdiction—Appeal.** This court ·is without jurisdiction to review a judgment of conviction in a criminal case.

2. **SAME—Appeal.** The 'Criminal Court of Appeals has exclusive appellate jurisdiction, coextensive with the limits of the state, in all criminal cases.

(Syllabus by Sharp, ·C.)

*Error from District Court, Harper County;*
*R. H. Loofbourrow, Judge.*

George H. Cook was convicted of assault with a dangerous weapon, and brings error.   Dismissed.

*Chas. W. While* and *A. M. Appelget,* for plaintiff in error.
*E. J. Dick,* Co. Atty., for the State.

Opinion by SHARP, C.   The plaintiff in error, George H. Cook, was on June 9, 1910, by the verdict of a jury, found guilty of an assault with a dangerous weapon, with intent to do bodily harm, and sentenced to confinement in the state penitentiary for a period of one year and one day at hard labor, from which judgment of conviction an appeal has been prosecuted to this court.

Pursuant to the authority conferred in section 2, art. 7, of the Constitution of this state, the Legislature on May 18, 1908, passed an act creating a Criminal Court of Appeals, chapter 28, Sess. Laws 1907-08, p. 291.   By section 4 of said act it was provided that said court should terminate on the 1st day of January, 1911, unless continued by the Legislature.   On March 2, 1909 (article 2, c. 14, Sess. Laws 1909), said court was continued, and by express terms was given exclusive appellate

jurisdiction in all criminal cases.    By section 7 of the latter act it is provided:

"The Criminal Court of Appeals, shall have exclusive appellate jurisdiction in all criminal cases appealed from county and district courts in this state, and such other courts as may be established by law."

Section 9 is as follows:

"The Criminal Court of Appeals shall have exclusive appellate jurisdiction coextensive with the limits of the state in all criminal cases, in the manner, and under such regulations as may be prescribed by law."

This court is therefore without jurisdiction to entertain the appeal.    *Byers v. Territory,* 24 Okla. 811, 105 Pac. 998; *Ex parte Justus,* 26 Okla. 101, 110 Pac. 907; *Brown v. State,* 6 Okla. Cr. 442, 119 Pac. 447; *State ex rel. Eubanks v. Cole,* 4 Okla. Cr. 25, 109 Pac. 736.

The appeal should be dismissed.

By the Court:    It is so ordered.