## FOWLER *et al.* v. STATE.

No. 5793. Opinion Filed September 27, 1914.

Rehearing Denied January 9, 1915.

(145 Pac. 326.)

BAIL—Decisions Reviewable—"Final Order"—Forfeiture of Bail—Refusal to Vacate. Plaintiffs in error, as sureties on a certain bond in a criminal proceeding pending in the district court of Jackson county, after the forfeiture of said bond, appeared and moved the court to set aside the forfeiture, which motion was by the court overruled. From the order overruling said motion, error is prosecuted in this court. The principal defendant in the criminal case deposited with his sureties, plaintiffs in error, sufficient money to protect them on said bond. Motion is filed to dismiss this appeal. Section 5237, Rev. Laws, 1910, reads: "An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding, or upon a summary application in an action after judgment, is a final order, which may be vacated, modified or reversed, as provided in this article." Held, that the order sought to be reviewed by this proceeding is not a "final order," affecting any substantial rights of plaintiffs in error, within the purview of this section.

(Syllabus by the Court.)

*Error from District Court, Jackson County;*

*Frank Mathews, Judge.*

J. E. Fowler and others, sureties on the bail bond of Percy Belcher, moved to set aside an order forfeiting the bail, and, the motion being overruled, they bring error. Dismissed.

*S. B. Garrett* and *M. L. Hankins,* for plaintiffs in error.

*Chas. West,* Atty. Gen., *C. E. Hall,* Co. Atty., *W. C. Austin,* for the State.

RIDDLE, J. This is a proceeding in the court, whereby plaintiffs in error seek to reverse an order made by the trial court

in a criminal action. The undisputed facts show that one Percy Belcher was under indictment in the district court of Jackson county upon the charge of statutory rape. He was tried and convicted, and made an appearance bond to supersede the judgment, and appealed his case to the Criminal Court of Appeals. He thereafter left the state. The case in the Criminal Court of Appeals was dismissed, upon the ground that he was a fugitive from justice. Mandate was issued by said court, directed to the trial court to proceed to execute the judgment. By an order of court, he was required to appear for sentence. He failed to make his appearance. His bail was forfeited under section 6110, Rev. Laws 1910, which reads:

"If, without sufficient excuse, the defendant neglects to appear according to the terms or conditions of the recognizance, bond or undertaking, either for hearing, arraignment, trial or judgment, or upon any other occasion when his presence in court or before the magistate may be lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered upon its minutes, and the recognizance, bond or undertaking of bail, or the money deposited instead of bail, as the case may be, is and shall be thereupon declared forfeited. But, if at any time before the final adjournment of court the defendant or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture to be discharged upon such terms as may be just. After the forfeiture, the county attorney must proceed with all due diligence, by action against the bail upon the instrument so forfeited. If money deposited instead of bail be so forfeited, the clerk of the court or other officer with whom it is deposited, must, immediately after the final adjournment of the court, pay over the money deposited to the county treasurer."

A few days thereafter, his bondsmen, appeared in court and filed a motion, praying the court to set aside the order forfeiting the bail; which motion was by the court overruled, and an order entered of record directing the county attorney to proceed in the suit upon said bail. It is from this order of court refusing to vacate and set aside the order forfeiting the bail that plaintiffs in error attempt to prosecute this appeal.

Defendant in error has filed its motion to dismiss this pro-
ceeding, upon the ground, among others, that the order sought
to be reversed in this proceeding is not a final order or judgment
entered in the court below, but is an order made on a motion
involving the exercise of discretion by the trial court, in which
no abuse is shown, and the same is not appealable. It is the
contention of the Attorney General that this is not an order of
court which can be reviewed by this court on appeal. The only
statute called to our attention, under which this proceeding is
prosecuted, is section 5237, Rev. Laws 1910, which reads:

"An order affecting a substantial right in an action, when
such order, in effect, determines the action and prevents a judg-
ment, and an order affecting a substantial right, made in a spe-
cial proceeding, or upon a summary application in an action after
judgment, is a final order, which may be vacated, modified or re-
versed, as provided in this article."

It will be noted that this section defines a "final order" which
may be reviewed by this court. Under section 5236, Rev. Laws
1910, defining judgments which may be reviewed and corrected
by the Supreme Court, it is provided:

"The Supreme Court may reverse, vacate or modify judg-
ments of the county, superior or district court, for errors appear-
ing on the record, and in the reversal of such judgment or order,
may reverse, vacate or modify any intermediate order involving
the merits of the action, or any portion thereof."

Unless the order in question is a final order, as defined by
section 5237, *supra,* then there is no law whereby this court is
given jurisdiction to review such order. It is too well settled to
require citation of authorities, that an interlocutory order is not
reviewable by the Supreme Court, except by virtue of a special
provision of the organic law or statute, authorizing it. The ques-
tion arises: Is the order sought to be reviewed here a "final
order," as defined by said section of the statute? There are three
characters of orders defined by section 5237, *supra,* each of which,

Form 12

under the law, is a final order: (1) An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment. There can be no question but what this order made by the court is an order in an action, although it was made in a criminal and not a civil action; but, inasmuch as the provisions of the statute do not confine orders to a civil action only, an "action" under the statute includes both a civil and criminal action. This statute would probably cover the order in question, although made in a criminal action, were it not for the fact that it must be such an order that in effect determines the action and prevents a judgment. It needs no argument to demonstrate that this is not such an order. The judgment had been taken against the principal defendant, from which he had appealed; and the appeal has been dismissed. Neither is this an order affecting a substantial right, made in a special proceeding. The proceeding out of which this order grew was in a criminal action, and was not a special proceeding under the statute. The most difficult portion of this section to construe is as to whether or not this is an order upon a summary application, in an action after judgment. We are inclined to hold that it is such an order. Judgment had been rendered in the action in which this order was made, and it had become final; and, if this was all that was required to make it a final order, we would be inclined to sustain the appeal. But it is also required to constitute a final order, and it must be an order affecting a substantial right. We are unable to see, from the record before us, in what way a substantial right of plaintiffs in error has been affected. The undisputed testimony shows that the money to cover the amount of this bail is on deposit with one of plaintiffs in error and placed there especially for the protection of said bail. Had it been deposited as a cash bond, there could be no question about the authority of the court to have required the money paid over to the county treasurer. Suppose we should entertain this appeal on the merits, and should conclude that the proceedings resulting in the forfeiture of the bond were irregular, and that

the court had abused its discretion, and should reverse the case. The only result which would follow would be that the court would again proceed to take another forfeiture; and the fact that defendant has made ample arrangements to protect the bail seems to us sufficient answer that plaintiffs in error's rights could not in any way be affected by this preliminary or interlocutory order. If the principal defendant was making this fight on appeal, there might be involved a more serious question, inasmuch as the order might ultimately affect his property rights and bring it within the spirit, as well as the letter, of the statute.

Counsel for plaintiffs in error cite and rely upon the case of *State v. Hines et al.,* 37 Okla. 198, 131 Pac. 688. We have carefully examined this case, and it is clear to us that the point now before us was not involved in that case, and it was not necessary to have considered it in determining all the questions therein involved. Neither does it appear in that case that the court decided that an order similar to the one in question was such that could be reviewed by this court. There are some inferences, however, which would indicate that such might have been the holding, had the point been involved.

We are therefore of the opinion that the order sought to be reviewed by this proceeding is not a final order, as defined by section 5237, Rev. Laws 1910, for the reason that from the record before us it does not appear that it could in the least affect the substantial rights of plaintiffs in error.

The proceeding in this court is therefore dismissed.

All the Justices concur.