### DUNN et al. v. STATE.

No. 8081—Opinion Filed May 29, 1917.

(166 Pac. 193.)

1. **Criminal Law—"Appealable Order" — Denial of Motion to Vacate Forfeiture on Appearance Bond—Supreme Court.**

The order of the trial court overruling a motion to vacate a judgment of forfeiture entered upon an appearance bond "affects a substantial right" of the principal on the bond, and "in effect determines the action," and is an appealable order as defined by section 5237, Rev. Laws 1910.

(a) The appeal in such proceeding is a civil case as distinguished from a criminal case, and lies to the Supreme Court, and not to the Criminal Court of Appeals.

2. **Bail—Appeal Bond — Nonappearance — Vacation of Forfeiture.**

Under the facts set out in the opinion a sufficient excuse is shown for the failure to appear, and the motion to vacate the forfeiture entered upon the bond should have been sustained, and the denial thereof constituted prejudicial error.

3. **Same—Case Overruled.**

The holding in Fowler v. State, 45 Okla. 351, 145 Pac. 326, to the effect that an order refusing to set aside a bond forfeiture "is

not a final order," and therefore an appeal will not lie from it, is expressly overruled.

(Syllabus by Galbraith, C.)

Error from District Court, Blaine County: Thos. A. Edwards, Judge.

Elmer Albert Dunn and others appeal from an order refusing to vacate a forfeiture taken on an appeal bond. Reversed.

J. P. Wishard, for plaintiffs in error.

Ben Smith, Co. Atty., Seymour Foose, and R. C. Brown, for the State.

Opinion by GALBRAITH, C. On October 12, 1915, an information was filed in the county court of Blaine county, charging the plaintiff in error, Elmer Albert Dunn, with the crime of perjury. He appeared on the 11th day of December thereafter, and, waiving preliminary examination, entered into a bond in the sum of $1,500 with his coplaintiffs in error, as sureties, for his appearance in the district court of that county at the January term thereof, commencing on January 5, 1916. On the 12th day of December an information was filed against him in the district court, and on the 21st day of December the cause was set down for trial on the 12th day of January, 1916, and an order entered continuing the bond first given in force. On January 10th a demurrer to the information was presented to the district court and overruled, and on January 11th the defendant entered his plea of not guilty. At 9 o'clock on the morning of January 12th the cause was called for trial, and the defendant, failing to appear, and having been called, was adjudged to be in default, and a forfeiture entered upon his bond, and a bench warrant issued for his arrest. At 1 o'clock on that day the principal appeared in court and informed the court that his counsel had withdrawn from his case, and asked for time to secure other counsel and to present a motion to vacate the forfeiture entered on his bond, and to make a showing for continuance of the cause. The court gave him one hour. Within the time given a motion was presented to vacate the forfeiture, supported by the affidavit of the principal, and that of a practicing physician. The grounds of the motion were that the principal was prevented from being present at the calling of court on account of sickness in his family; that he lived in the country some 13 miles from Watonga, the county seat, and his wife was sick, and, it not being safe to leave her at home by herself, it was necessary for him to go home each night, and that he arose early on that morning and went quite a distance from his home, by request of his wife, to secure some one to come and stay with her while he returned to court; that he was delayed and missed the regular passenger train going to Watonga, and was forced to take a local freight, which put him in Watonga a little after 12 o'clock noon; that he was acting in good faith, and intended no disrespect to the court, or its process, in failing to be present at the opening of court on that day; that he was perfectly willing to pay all the costs that had been incurred on account of his neglect, provided the forfeiture entered upon the bond was vacated. The affidavit of the physician stated, in substance, that he knew the condition of the principal's wife, and that she was in a critical condition, and that he had advised him that it was unsafe to leave her alone while he attended court, and that it was necessary for the safety of his wife that he should spend the nights at home. The principal also made a showing for the continuance which was adjudged sufficient by the trial court, and the trial of the criminal case was continued for the term, but the motion to vacate the forfeiture on the bond was denied. From that order an appeal has been prosecuted to this court.

It is objected by the defendant in error that this court has no jurisdiction of the cause, for the reason: First, that the order complained of was not a final order, and therefore not appealable; second, that if the order was appealable, relief had been sought in the wrong court; that no appeal would lie to this court since the order appealed from was taken in a criminal cause, and the Criminal Court of Appeals has jurisdiction in all criminal cases.

Fowler v. State, 45 Okla. 351, 145 Pac. 326, is cited as an authority on the first ground. Although that case was similiar to the instant case, in that it was an appeal from an order refusing to vacate a forfeiture entered upon a bail bond, it differs from this case in two material respects: First, that the appeal was prosecuted in that case by the surety; and, second, the surety had been indemnified by a deposit of money, and for that reason the court held that it appeared from the record that the rights of the plaintiff in error could not be affected by the order complained of, and therefore he had no right to have the order reviewed upon appeal, the court expressly calling attention to the fact that a different question would have been presented if the principal had prosecuted the appeal, by the following statement in the opinion:

"If the principal defendant was making this fight on appeal, there might be involved a more serious question, inasmuch as the order might ultimately affect his property

rights and bring it within the spirit, as well as the letter, of the statute."

The order complained of in the instant case affected "a substantial right" of the plaintiffs in error, in this, that it adjudged them liable in the sum of $1,500, and "it in effect determines the action." The order, therefore, had all of the necessary elements of a final order under section 5237, Rev. Laws 1910.

This court has, without apparent doubt, entertained jurisdiction of numerous appeals of this character. In State v. Hines et al., 37 Okla. 198, 131 Pac. 688; Ann. Cas. 1915B, 431, the court said:

"We have no hesitancy in saying that in the call of a criminal case, either for hearing, arraignment, trial, or judgment, or upon any other occasion when his presence in court may be lawfully required, if a defendant, on account of illness, is unable to be present, and such fact is made to satisfactorily appear, it would be either error or an abuse of discretion to refuse either to pass the case or grant a continuance, or upon sufficient showing to vacate and set aside the order of forfeiture."

And again in Melton v. State, 46 Okla. 487, 149 Pac. 154, the court say, as to the correctness of the procedure following in the instant case:

"Our courts have repeatedly held in a long line of cases coming before them that the final order of the trial court declaring a forfeiture of the bail bond cannot be collaterally attacked in a subsequent action against the principal and sureties on the bond, and that, if it be the purpose of the bondsmen to interpose a defense, they can only do so by following the procedure prescribed by statute, which is as follows: 'But, if at any time before the final adjournment of court, the defendant or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture to be discharged upon such terms as may be just.' Should the court refuse to set the forfeiture aside upon the showing made, then the parties would have the right to appeal to the Supreme Court from the refusal of the trial court to vacate."

The doctrine seems now to be well settled, in this jurisdiction, that an appeal will lie to this court from an order refusing to vacate a judgment of forfeiture entered upon a bail bond.

It is true that section 1769, Rev. Laws 1910, declares that the Criminal Court of Appeals shall have exclusive appellate jurisdiction, coextensive with the limits of the state, in all criminal cases appealed from the district, superior, and county courts, and such other courts of record as may be established by law. This jurisdiction is exclusive in all criminal cases. Crump v. State, 7 Okla. Cr. 535, 124 Pac. 632; State v. Brown, 8 Okla. Cr. 40, 126 Pac. 245, Ann. Cas. 1914C, 394; Cook v. State, 37 Okla. 362, 132 Pac. 341; Herndon v. Hammond, 28 Okla. 616, 115 Pac. 775. The instant case; however, is not a criminal case. The judgment appealed from was not an adjudication of guilt, but was an adjudication that the principal had breached the condition of his bond, i. e., incurred a civil liability, and that he and his sureties were liable to the state of Oklahoma in the sum written in the bond. Judgment in the criminal case had not been entered. The trial of that case had been continued for the term. The judgment appealed from merely fixed a civil liability against the accused, as principal, and his sureties. This appeal is not in any proper sense a criminal case of which the Criminal Court of Appeals has jurisdiction, but is a civil proceeding, properly appealable to this court.

This view of the question is supported by the opinion in U. S. v. Dunne, 173 Fed. 254, 97 C. C. A. 420, where there had been a conviction in the federal court of Oregon, and judgment entered assessing a fine of $100, and ordering a jail sentence of 30 days. The accused sued out a writ of error and entered into a supersedeas bond to stay the judgment. Pending the appeal the principal died. Upon the suggestion of the death the Supreme Court dismissed the writ of error, and caused a mandate to issue to the trial court, directing that it should take such proceedings in the case as according to right and justice and the laws of the United States ought to be had, notwithstanding the writ of error. The mandate was spread of record in the trial court, and some time afterwards the executor of the principal in the supersedeas bond presented a motion asking that the judgment of conviction be vacated and the fine canceled, and that the judgment be declared to be no longer of any validity. The motion was granted, and judgment entered accordingly. From that order the United States sued out a writ of error to the Circuit Court of Appeals. The defendant in error moved that court to dismiss the writ of error for want of jurisdiction "on the ground that this is a criminal case and no right has conferred by law upon the United States to obtain a review of a judgment in such case by writ of error from this court." The Circuit Court of Appeals denied the motion, and held that an order of the trial court, declaring a judgment in a criminal case abated by reason of the death of the defendant, after the entry of judgment, was an independent proceeding of a civil nature, which might be reviewed in the Circuit Court of Appeals at the instance of the

United States upon a writ of error. The court said, during the course of the opinion:

"The question of the civil liability of the estate of John H. Mitchell [the defendant] upon the judgment must therefore be a civil case as distinguished from a criminal case. It follows that this court has jurisdiction over the writ of error."

Likewise an order denying a motion to vacate a judgment of forfeiture entered upon a bail bond taken in a criminal case may properly be classed as an "independent proceeding of a civil nature," entirely independent of the issue in the criminal case in which the bond was given and the forfeiture taken.

We, therefore, conclude that the case was properly appealable to this court, and that the plaintiffs in error have a right to have the order complained of reviewed here.

While it appears from the record that the accused did not display commendable diligence in making preparation for the trial, still it does appear that the excuse he gave for his failure to appear at the opening of court on the 12th day of January, when the cause was set for trial, showed an effort in good faith to satisfactorily excuse his negligence, and ought to have been held sufficient by the court under the statute.

It is shown that the accused lived 13 miles in the country, that his wife was sick, and on that account it was necessary for him to go home each night, and that he was only three or four hours late in appearing after the convening of court, when he should have appeared; that he offered to pay all the costs and expenses that had been incurred on account of his default; and it does seem that he and his bondsmen ought not to be penalized, in the sum of $1,500, under the circumstances shown above.

The cause is therefore reversed, with directions to the trial court to vacate the order of forfeiture entered upon the bond, and to tax the costs of the trial court to the plaintiffs in error.

By the Court: It is so ordered.

PER CURIAM. Fowler v. State, 45 Okla. 351, 145 Pac. 326, referred to in the above opinion, was an appeal from an order refusing to vacate a bond forfeiture. In that case the accused, whose bond had been forfeited, before leaving the state, placed in the hands of one of his bondsmen sufficient money with which to satisfy the bond. After the bond had been forfeited, these bondsmen filed a motion, praying the court to set the order of forfeiture aside. This motion was denied; and an appeal was perfected to this court from the order refusing to set aside the forfeiture. The appeal was dis-

missed, on the theory that no "substantial right" of the bondsmen was affected by the order refusing to set aside the forfeiture, since they had been fully and unconditionally indemnified, and that therefore section 5237, Rev. Laws, 1910, did not give them the right to appeal. And to that extent the opinion is correct, and is adhered to.

But the opinion goes further, and holds in effect, that the order appealed from was "not a final order," and that therefore an appeal would not lie from it. To the extent of this holding, the opinion is expressly overruled.

By the Court: It is so ordered.