**WHITE et al. v. STATE.**

No. 10108—Opinion Filed May 31, 1921.

(Syllabus.)

**Bail—Forfeiture of Appearance Bond—Right to Vacation.**

Where the record discloses, upon a hearing on a motion to vacate an order forfeiting an appearance bond that the principal in said bond was, on the day the order of forfeiture was entered, confined to his bed sick, and had been for two or three days prior to the date of the forfeiture, and that on the day said cause was called for trial a motion was presented for a continuance supported by the certificate of the attending physician that the principal in said bond was unable to attend court, and the evidence of two other physicians was introduced in support of the motion to vacate the order of forfeiture, and no evidence is introduced by the state con-

tradicting the testimony introduced in support of the motion, held, it was error and an abuse of discretion of the trial court to overrule the motion to vacate the forfeiture.

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

From an order of the district court refusing to set aside forfeiture of appearance bond of Charley White, his sureties, Henry Massey and others, bring error. Reversed and remanded, with directions.

J. W. Clark and George Trice, for plaintiffs in error.

Baxter Taylor, for defendant in error.

KENNAMER, J. This appeal is prosecuted by Charley White and others, as plaintiffs in error, against the state of Oklahoma, as defendant in error, to reverse an order of the district court of Atoka county made on the 9th day of January, 1918, forfeiting the appearance bond of Charley White, one of the plaintiffs in error herein.

The record discloses that on the date the bond was forfeited a motion was presented to the trial court on behalf of the defendant in the cause in which the order of forfeiture was made for a continuance upon the ground that the defendant was sick and unable to attend court, with certificate of attending physician attached showing that the defendant was sick in bed with pneumonia fever, which motion was by the court overruled and an order entered forfeiting the bond. On the same date the forfeiture was entered the sheriff of Atoka county requested two other physicians to go to the home of the defendant, about eleven miles from Atoka, and their testimony was introduced in support of the motion to vacate filed on the next day after the order was entered forfeiting the bond, which corroborates the statement of the attending physician that the defendant in said criminal cause was physically unable to attend court and go through with a trial. The affidavits of several neighbors show that the said Charley White, principal in said bond herein, had had serious sickness in his family for several days, and by reason of the fact that the said Charley White had had to be up at nights giving medicine and waiting upon his sick folks, he had become sick himself. The record shows that the said Charley White consulted his attending physician with regard to attending the trial, but that his physician insisted that he was physically unable to attend court and that he would file a certificate with the court on the date that said cause was called for trial, and that the same was on file when the order was entered for-

feiting the bond. The evidence of the plaintiffs in error in this cause presented in support of their motion to set aside the order of forfeiture was not contradicted on the hearing of the motion. No pleading was filed denying the allegations in the motion to vacate the order of forfeiture and no brief has been filed on behalf of the defendant in error, and upon a careful examination of the record as a whole we believe the court erred in not setting the forfeiture aside on the evidence offered, and that the following authorities sustain this conclusion: Dunn et al. v. State, 65 Okla. 233, 166 Pac., 193; Reed et al. v. State, 76 Okla. 298, 185 Pac. 326; State v. Hines et al., 37 Okla. 198, 131 Pac. 688.

It is the judgment of this court that the judgment and order of the trial court refusing to set aside the forfeiture be reversed and the court is directed to enter judgment setting aside the forfeiture of said bond.

HARRISON, C. J., and JOHNSON. McNEILL, ELTING, and MILLER, JJ., concur.