## MAHANEY et al. v. STATE.

No. 12549—Opinion Filed Feb. 10, 1925.

### 1. Bail—Discharge of Forfeiture—Discretion of Court.

An application of sureties to discharge forfeiture of bail bond is addressed to the sound judicial discretion of the court, under section 2927, Comp. Stat. 1921.

### 2. Appeal and Error—Disposition of Cause.

Held, under record herein, the court erred in refusing to discharge forfeiture.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Kiowa County; Thomas A. Edwards, Judge.

Appeal by A. L. Mahaney et al. from an order overruling the application to set aside forfeiture on bail bond. Reversed, with directions.

Geo. L. Zink, for plaintiffs in error.

John T. Hays, for defendant in error.

Opinion by ESTES, C. On July 28, 1920, Daniel Roberts was charged by information with forgery; arraigned in August, entered not guilty plea, and thereafter released on bail of $1,000, signed by himself as principal and by plaintiffs in error as sureties. The cause was assigned for trial on January 8, 1921, and came on for trial on the 27th of that month, same being an adjourned session of the prior term of December court. Defendant not appearing, judgment of forfeiture on his bond was entered; bench warrant issued, and on February 1st, following, Roberts was brought before the court at the same adjourned term, explaining that his failure to appear theretofore was because he received no notice of the assignment of his case, and had no knowledge thereof. He then withdrew his said plea and entered his plea of guilty, and on the same day was sentenced to one year in the penitentiary, and soon thereafter was incarcerated. On the 23rd of the same month, being an adjourned session of the same term of court the said sureties filed their verified application to set aside the order of forfeiture, matters therein contained being supported by affidavits and not controverted as follows: That J. G. Hughes

was attorney for Roberts in said criminal case and sometime before the last assignment thereof, Roberts, being employed by an oil company, was living at Graham, Tex.; that Roberts wrote his attorney advising his post office address with his street number, stating that he had moved to Texas, the original of which letter was attached to the application; that thereafter said attorney wrote Roberts advising of the assignment of the case; that Roberts did not receive this letter, copy being attached; that the deputy sheriff under said bench warrant found Roberts at Graham, and Roberts stated at the time that he had no notice of the setting of the case; that Roberts waived extradition and returned with the sheriff to Oklahoma willingly; that said sureties had not, in any manner, been notified or indemnified against loss as sureties; that they offered to pay the expenses of the officer serving the warrant and all other sums the court might deem just. The court entered an order overruling such application, from which this appeal has been duly lodged.

Section 2927, Comp. Stat. 1921, provides for forfeiture of bail bonds, and, inter alia, is:

"But, if at any time before final adjournment of court, the defendant or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture to be discharged upon such terms as may be just."

The application herein to set aside the forfeiture, under said statute, is addressed to the discretion of the court. 6 C. J. 1050; State v. Morgan, 136 N. C. 593, 48 S. E. 604. The discretion referred to is necessarily a sound judicial and not an arbitrary one. State v. Johnson, 69 Wash. 612, 126 Pac. 56. It is the manifest intention of the statute to encourage the giving of bail, in proper cases. The right of bail is so fundamental that it is guaranteed in the Bill of Rights with certain qualifications. Gratuitous sureties, generally, are favorites of the law. On the undisputed showing made, the overruling of plaintiffs' application was error and contrary to sound judicial discretion. White et al. v. State, 82 Okla. 116, 198 Pac. 843.

In United States v. Feely, 1 Brock. 255, Fed. Cas. No. 15,082, the great John Marshall said:

"The object of a recognizance is, not to enrich the treasury, but to combine the administration of criminal justice with the convenience of a person accused, but not proved to be guilty. If the accused has under circumstances which show that there was no design to evade the justice of his country, forfeited his recognizance, but repairs the default as much as is in his power, by appearing at the succeeding term, and submitting himself to the law, the real intention and object of the recognizance are effected, and no injury done. If the accused prove innocent, it would be unreasonable and unjust in government to exact from an innocent man a penalty, intended only to secure a trial, because the trial was suspended, in consequence of events which are deemed a reasonable excuse for not appearing on the day mentioned in the recognizance. If he be found guilty, he must suffer the punishment intended by the law for his offense, and it would be unreasonable to superadd the penalty of an obligation entered into only to secure a trial."

The order complained of herein was a final appealable one. Dunn et al. v. State, 65 Okla. 233, 166 Pac. 193.

Let the order and judgment herein be reversed, with directions to the trial court to discharge the forfeiture against the sureties on payment of all expenses of sheriff in returning Roberts, all costs, and such other items as may be just.

By the Court: It is so ordered.

Note.—See under (1) 6 C. J. p. 1051; (2) 6 C. J. pp. 1054, 1055.