## NICHOLSON et al. v. STATE.

No. 18159. Opinion Filed Sept. 25, 1925.

(Syllabus.)

1. **Bail—Refusal to Discharge Forfeiture of Bail Bond Held Error in View of Excuse for Nonappearance of Accused.**

Under the facts stated in the opinion, the motion to vacate the forfeiture entered on the bail bond should have been sustained, and the denial thereof constitutes prejudicial error, for which this case is reversed and remanded.

2. **Appeal and Error—Purpose of Supersedeas Bond—Unnecessary in Order to Appeal.**

No supersedeas bond is necessary in order to appeal from the district, superior, or county courts of this state to the Supreme Court, but the only purpose and effect of such bond is to stay proceedings to enforce the judgment appealed from.

Commissioners' Opinion, Division No. 1.

Error from County Court, Blaine County; W. F. Duncan, Judge.

Curely Nicholson and others appeal from an order refusing to vacate a forfeiture taken on an appeal bond. Reversed and remanded.

Seymour Foose, for plaintiffs in error.

Allan Falkenstine and William F. Collins, for the State.

REID, C. Curley Nicholson stood charged in the county court of Blaine county with illegal possession of intoxicating liquor, and on the 19th day of December, 1925, executed and had approved an appearance bond, with the other plaintiffs in error herein, Bert Nash and S. I. Porter, as sureties, in the penal sum of $500. The case was assigned for trial at a term of said court beginning on the 18th day of October, 1926. This case being set for October 19th, but not being reached, along with others, was passed by the court to November 15, 1926, and set for trial in the same order as they then stood. The court convened for the later setting at 9:00 a. m. on that date, called this defendant's case, and when he failed to appear, entered its judgment of forfeiture on the bond. The attorney representing the defendant, coming into the court about an hour thereafter, learned of the forfeiture and notified one of the sureties, who upon investigation found that the defendant was picking cotton about 12 miles from the town of Watonga, and notified him at once that his case had been called, and the defendant reached the court at 12:30 p. m. When the defendant came into court, he found another case was in progress which had been on trial for a short time that morning after the forfeiture was taken in his case. After the other case was concluded, the defendant proceeded to trial, represented by his attorney, and was convicted. Defendant and his sureties filed their motion to set aside the forfeiture on the 30th day of November, in the same term the forfeiture was entered.

The motion set out the foregoing facts, and that neither the defendant nor his sureties had any knowledge that the court had passed defendant's case for trial to November 15th, and in detail set out facts and circumstances showing that it was not intentional on the part of the defendant to avoid trial of his case.

At the hearing on the motion the defendant and sureties made proof of the facts heretofore stated, and further showed that the defendant lived in the town of Watonga, and had lived there for many years; that he was in court on October 19th, in response to a notice sent him by his counsel, and ready for trial, and it appearing that the case would not be reached at the October setting of the court before the jury would be discharged, the defendant's counsel and defendant conferred with the trial judge, to whom it was stated that the defendant was picking cotton, the judge replying that he did not know when it would be reached, and concluded the conversation by telling the defendant to go ahead picking cotton, and if he needed him he would be notified. The defendant continued at work, and he had no knowledge that his case passed until November 15th, at the time the setting in October was disposed of. His counsel did not testify as to whether he knew the docket had been passed until this later date, but we are driven to the conclusion by the record that there was no willful intention on the part of counsel to have defendant delay or evade his trial, and the defendant himself was making no attempt to do so. The court refused to set aside the forfeiture, and the defendant and his sureties in due time and manner presented their appeal.

In the case of Mahaney v. State, 106 Okla. 152, 233 Pac. 725, we find a discussion by this court of the law and an application of the same stated in language clearly answering the question raised by this appeal. The court there said:

"Section 2927. Comp. Stat. 1921, provides for forfeiture of bail bonds, and, inter alia, is:

"'But, if at any time before final adjournment of court, the defendant or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture to be discharged upon such terms as may be just.

"The application herein to set aside the forfeiture, under said statute, is addressed to the discretion of the court. 6 C. J. 1050; State v. Morgan, 136 N. C. 593, 48 S. E. 604. The discretion referred to is necessarily a sound judicial and not an arbitrary one. State v. Johnson, 69 Wash. 612, 126 Pac. 56. It is the manifest intention of the statute to encourage the giving of bail, in proper cases. The right of bail is so fundamental that it is guaranteed in the Bill of Rights with certain qualifications. Gratuitous sureties, generally, are favorites of the law. On the undisputed showing made, the overruling of plaintiffs' application was error and contrary to sound judicial discretion. White et al. v. State, 92 Okla. 116, 198 Pac. 843."

It is highly important that parties arrested and charged with crime should give bond rather than be confined pending a

hearing at the expense of the county where charged, and this is to the interest of the taxpayer as well as the accused. Such bail should be required and enforced as will secure the prompt appearance of the defendant to answer the charge of the state. But technical or unreasonable forfeitures should not be permitted to stand, as they place upon sureties burdens more onerous than the spirit of the law requires, rendering it more difficult for defendants to make bail while adding nothing to the enforcement of the criminal laws.

While the law requires interested parties to take cognizance of the proceedings of a trial court, yet, upon examination of this record, it clearly appearing that the absence of defendant was not willful, and that the court was not materially delayed by his absence, we conclude that defendant and his bondsmen should not be penalized in the sum of $500. However, in view of the facts we have stated, and since these plaintiffs in error did not immediately file their motion to set aside the forfeiture, but waited until after the county attorney had begun an action in the district court on the forfeiture, we conclude that the costs of each of these proceedings in the trial court should be paid by them.

Counsel for the state suggest that this appeal should be dismissed for the reason that plaintiffs in error filed no supersedeas bond within the time required by an order of the trial court. This court has many times answered this question adversely to the state's contention. In the case of Hutchings v. Winsor, Ex'x, 92 Okla. 37, 217 Pac. 1044, it was said:

"The question raised by the plaintiff's motion has been before this court many times, and in each case the court has held that the only purpose and effect of a supersedeas bond is to stay execution upon the judgment appealed from, and that the right of appeal does not depend upon the giving of a bond. State ex rel. Mose v. District Court of Marshall County, 46 Okla. 654, 149 Pac. 240; Starr v. McClain, 50 Okla. 738, 150 Pac. 666; State ex rel. Hogan et al. v. District Court, 25 Okla. 871, 108 Pac. 375; Cusher v. Ricketts, 72 Okla. 168, 179 Pac. 593."

This cause is therefore reversed and remanded, with direction to the trial court to vacate the order of forfeiture on payment of all costs of the trial court in this proceeding, and the costs in the suit on the forfeiture in the district court which had accrued at the time plaintiffs in error filed their motion in the county court to set aside the forfeiture.

BENNETT, TEEHEE, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 6 C. J. p. 1051, §325. (2) 3 C. J. p. 1106, §1140; p. 1294, §1420.