### GIBSON et al. v. STATE.

No. 33906.   Feb. 13, 1951.
Rehearing Denied May 22, 1951.

*231 P. 2d 649.*

Owen F. Renegar, of Oklahoma City, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

O'NEAL, J. This is an appeal from an order of the district court of Logan county denying motion to vacate a forfeiture of an appeal bond in a criminal proceeding.

On May 8, 1946, the principal on the bond, Buster Lee Gibson, in a case then pending in the district court of Logan county, was, by the verdict of a jury, found guilty of the crime of burglary in the second degree and his punishment was fixed at imprisonment in the State Penitentiary for a term of five years. Thereupon, date for sentence was set for Friday, the 24th day of May, 1946, at 10 o'clock a.m. Motion for new trial was presented and overruled and sentence was pronounced in accordance with the verdict of the jury. Defendant gave notice of intention to appeal to the Criminal Court of Appeals. Appeal bond was set in the sum of $3,500.

May 24, 1946, defendant, Buster Lee Gibson, filed an appeal bond with Ernest West, T. E. Blakely, J. M. Gibson, and R. S. Jones, as sureties. Appeal to the Criminal Court of Appeals was perfected, and on October 14, 1947, the conviction was affirmed. Petition for rehearing was filed and, on November 26, 1947, said petition for rehearing was overruled. The mandate to the district court of Logan county was issued January 27, 1948, and later it was filed in the district court of Logan county. Later defendant, Gibson, was called upon to appear and submit himself to the judgment of the district court and the Criminal Court of Appeals. He failed to appear, and on February 13, 1948, an order was entered declaring the appeal bond forfeited.

During the same term of court, and on May 7, 1948, defendant, Buster Lee Gibson, and his bondsmen, Ernest West, filed a motion to vacate the order of forfeiture upon the grounds:

"1. That Defendant and Bondsmen had no notice of the receipt of mandate by the Court Clerk of Logan County, Oklahoma, in the appeal of Buster Lee Gibson vs. The State of Oklahoma.

"2. That said defendant and bondsmen had no notice of the application to spread mandate of record in the District Court of Logan County, Oklahoma and from the Criminal Court of Appeals of the State of Oklahoma.

"3. That the said bondsmen of Buster Lee Gibson received no notice from the State of Oklahoma and the Sheriff of said Logan County, Oklahoma, to produce said Buster Lee Gibson and bring him before the Court.

"4. That the order of forfeiture is void and ineffectual for the reason that the Defendant and bondsmen have not had their day in court to protect themselves against said forfeiture."

Hearing was had on said motion May 14, 1948, at which time movants presented their evidence and rested. The county attorney announced that he had no evidence to present. Thereupon, the movants, in open court, tendered, or offered to pay, all expenses that were incurred in the return of Buster Lee Gibson to the state penitentiary. The matter was then passed by the court to May 28, 1948. When the matter came before the court on May 28, 1948, the county attorney of Logan county asked permission to present evidence. Defendants objected and the court overruled the objection, and the state presented its evidence consisting of the testimony of A. H. Jelsma, the sheriff of Logan county. Thereafter the motion to vacate the order of forfeiture was overruled and notice was given by movants of intention to appeal to the Supreme Court. Thereafter Buster Lee Gibson, J. M. Gibson, and Ernest West perfected their appeal. T. E. Blakely and R. S. Jones did not appeal and were not made parties in the appeal.

There are five assignments of error. The third assignment is that the court erred in refusing and ruling out competent and legal evidence on the part of the plaintiffs in error. The fourth assignment is that the trial court erred in the admission of evidence on the part of the defendant in error. The hird and fourth assignments of error are not urged and are not presented in the briefs of plaintiffs in error, and will, therefore, be treated as abandoned. The first, second and fifth assignments of error all go to the same principal questions, that the court erred in overruling the motion to vacate the order of forfeiture and in not rendering judgment vacating the order of forfeiture.

The evidence relied upon by the plaintiffs in error is the testimony of Ernest West, one of the sureties on the appeal bond, and the testimony of Owen F. Renegar, the attorney for Buster Lee Gibson in the criminal case in the trial court, and in the Criminal Court of Appeals. Ernest West testified, in substance, that he is one of the sureties on the appeal bond; that after the matter was settled in the Criminal Court of Appeals he did not have any notice of the time of the affirmance in the Criminal Court of Appeals; that he knew nothing about the mandate from the Criminal Court of Appeals going to be spread of record in the district court of Logan county; that the first notice he had of said matter was when he was served with summons in the action on the bond.

Owen F. Renegar testified, in substance, that he is an attorney at law located in Oklahoma City; that he represented Buster Lee Gibson in the appeal to the Criminal Court of Appeals; that the opinion first came down in October, 1947; that immediately thereafter his petition for rehearing was filed; that the petition for rehearing was under consideration for some time and was finally overruled January 27, 1948; that

". . . For some reason I didn't get notice of the affirmance on the 27th day of January and received no notice from the Clerk of this Court that the judgment would be spread of record, on the 29th day of January. That the first notice that I had of the final affirmance of this case was when called to my attention by Mr. West or his associate Mr. Little that he had been sued on the bond. That is my statement."

On cross-examination he testified that he did not know where his client, Buster Lee Gibson, was at all times but that he was in contact with his father all the time, and the boy would call him about once a week from somewhere and that the boy's father kept in touch with him, and that he could have been available at any time on a few days notice.

Plaintiffs also relied, to some extent, on the testimony of A. H. Jelsma, the sheriff of Logan county, who on cross-examination by counsel for plaintiffs in error, testified in substance, that the mandate was returned on the 1st day of February, 1948; that he did not make any effort to contact Buster Lee Gibson at his home in Oklahoma county, and did not remember whether he called the attorney in Oklahoma county, or not; that he knew that Buster Lee Gibson lived in Oklahoma county, but did not go to Oklahoma county to get him and did not call his attorney of record and notify him that he was wanting Buster Lee Gibson and did not call any of the bondsmen.

Plaintiff in error J. M. Gibson did not testify.

The testimony of the sheriff as to what he did or did not do toward notifying the defendant, Gibson, his attorney and bondsmen, has no bearing on the case for the reason that the sheriff had nothing to do with, or any duty to perform relative to the mandate from the Criminal Court of Appeals until after the order of forfeiture was entered. The mandate is not directed to the

sheriff and does not come into his hands. It is directed to the judge of the court where the trial was held, and the sheriff has no duty to perform in connection therewith until after a forfeiture is declared and an order for the arrest of the defendant is issued. The testimony of the sheriff relied upon by plaintiffs in error relates wholly to matters occurring after the order of forfeiture was entered.

Plaintiffs in error cite and rely upon White v. State, 82 Okla. 116, 198 P. 843, and Dunn v. State, 65 Okla. 233, 166 P. 193. In White v. State, supra, a showing was made that the defendant, principal on the bond, was sick and unable to attend court when his bond was forfeited. In Dunn v. State, supra, it was shown that the defendant, principal on the bond, had serious illness in his family; that he lived in the country some thirteen miles from the county seat; his wife was seriously ill and had no one but defendant to stay with her; that on the morning of the day his case was set for trial, he went to a neighbor's house to get someone to stay with his wife while he attended court. On that account he missed the train to the county seat and was some four hours late in appearing; he offered to pay costs and expenses that had been incurred by reason of his default. It was held that the absence was excusable and it was abuse of discretion on the part of the trial court to refuse to vacate the order of forfeiture. The above cases are authority for the principal that where it appears from the facts and circumstances of the case, as reflected by the record, that the trial court abused its discretion by refusing to vacate the forfeiture, the case will be reversed and remanded with instructions to the trial court to vacate the forfeiture. It is the opinion of the court that under the facts and circumstances as shown by the record in this case, the trial court abused its discretion.

The case of Mahaney et al. v. State, 106 Okla. 152, 233 P. 725, is quite similar to the instant case. There the bond was an appearance bond in the trial court and Daniel Roberts was a defendant and principal on the bond. In that case, the cause was set for trial January 8, 1921, and came on for trial January 27, 1921; defendant not appearing, judgment of forfeiture on the bond was entered; bench warrant was issued, and on February 21, 1921, defendant was brought into court. His explanation for his failure to appear theretofore was because he had received no notice of the assignment of his case for trial and that he had no knowledge thereof. He withdrew his former plea of not guilty and entered a plea of guilty and was sentenced to one year in the penitentiary. February 23, 1921, during the same term of court, the sureties on his bond filed their verified application to set aside the order of forfeiture. The showing made was that J. H. Hughes was the attorney for Roberts in the criminal case and sometime before the last assignment of the case, Roberts, being employed by an oil company, was living in Graham, Texas; Roberts wrote his attorney and advised as to his post office address, together with his street number, stating that he had moved to Texas; that thereafter the attorney wrote Roberts advising him of the assignment of the case; that Roberts did not receive the letter; that the deputy sheriff who had the bench warrant found Roberts at Graham, Texas, and Roberts stated at the time that he had had no notice of the setting of the case. He waived extradition and returned willingly to Oklahoma; the sureties on the bond had not been notified or indemnified against loss. They offered to pay the expense of the officer serving the warrant and all other sums the court might deem just.

The court entered an order denying the application to vacate the forfeiture. This court, on appeal, said:

" . . . It is the manifest intention of the statute to encourage the giving of bail, in proper cases. The right of

bail is so fundamental that it is guaranteed in the Bill of Rights with certain qualifications. Gratuitous sureties, generally, are favorities of the law. On the undisputed showing made, the overruling of plaintiffs' application was error and contrary to sound judicial discretion."

In the Mahaney case the attorney attempted to notify his client, Roberts, by mail, but through some failure of the mail Roberts did not receive the notice. In the instant case the evidence is that the attorney for Buster Lee Gibson had no notice of the order overuling his petition for rehearing or the issuance of the mandate. In the Mahaney case ·Roberts, the principal defendant, left the State of Oklahoma without leave of court, at least, no showing of leave of court was made. In the instant case there was evidence, though wholly hearsay, showing that on the day the order of forfeiture of the bond was entered, the principal, Buster Lee Gibson, was in jail in Manhattan, Kansas, and had been some ten or twelve days and was released two days later, and apprehended some two or three days after that at Topeka, Kansas. There was no indication as to why he was in jail at Manhattan, if he really was. There was nothing to indicate he could not have come to Guthrie by or before the bond forfeiture date if he had known anything of the affirmance of his conviction.

It is suggested by the Attorney General, in his brief, that because defendant, Buster Lee Gibson, left the State of Oklahoma without first obtaining the court's permission, he thereby violated one of the conditions of his appeal bond, and on that account the judgment should be affirmed. It is true, as held by this court in Collins v. State, 169 Okla. 486, 37 P. 2d 827, cited by the Attorney General, that when the principal defendant left the State of Oklahoma without the court's permission, he thereby violated one of the conditions of his appeal bond. But that could only be an additional reason, if called to the court's attention for de-

claring forfeiture of the bond. The same circumstances apparently existed in the Mahaney case, supra.

It would appear that if failure to receive notice of the setting of the case for trial in the Mahaney case was sufficient to require an order vacating the judgment of forfeiture, the same should apply in the instant case. Unless notice was given to defendant, or at least to his attorney, or his bondsmen, that the petition for rehearing in the Criminal Court of Appeals had been overruled, defendant would have no means of knowing that he was required to appear and submit to the judgment of conviction. How else could he know when he was required to appear?

We, therefore, hold that the order denying the application to vacate the judgment of forfeiture, under the showing made in this case, was error, and contrary to sound judicial discretion.

Reversed.

LUTTRELL, V. C. J., and WELCH, CORN, and DAVISON, JJ., concur. ARNOLD, C.J., and GIBSON, HALLEY, and JOHNSON, JJ., dissent.

HALLEY, J. (dissenting). The majority opinion overlooks Sec. 1058, title 22, O. S. 1941, wherein it is provided that the appeal bond shall be conditioned that the defendant will not depart without leave of the court, meaning the Criminal Court of Appeals; and the bond in this case contained the provisions provided by this section of the statute. The majority opinion misinterprets the ruling of this court in Collins v. State, 169 Okla. 486, 37 P. 2d 827. In that case the defendant Q. P. McGee appealed a case from the district court of Craig county, Oklahoma, and without obtaining the permission of the Criminal Court of Appeals left this state, and his bond was forfeited, although he had the permission of the county attorney and the Attorney General and of the judge of the trial court to leave the state; and on a motion of the surety on the supersedeas bond on the appeal to the Criminal Court of Appeals to ·set aside the order of for-

feiture, the same was denied, and on appeal to this court the action of the trial court was affirmed. In the case at bar, there is no question but that Buster Lee Gibson left the State of Oklahoma without the permission of the Criminal Court of Appeals, and that at the time he was picked up by the sheriff of Logan county he was in the hands of the Kansas Bureau of Investigation at Topeka, Kansas. It is not denied that he was, during the month of February, 1947, in jail at Manhattan, Kansas. By leaving the State of Oklahoma without the permission of the Criminal Court of Appeals, Gibson forfeited any right that he might have had to have his appeal passed upon. The appeal could have been dismissed and the case sent back to the district court and the bond forfeited.

The majority opinion complains that the defendant and his bondsmen were not notified of the affirmance of the case in the Criminal Court of Appeals; but counsel for the defendant knew that the action of the trial court in Buster Lee Gibson's case had been affirmed, and had filed a petition for rehearing. He was on notice that it would soon be necessary for Buster Lee Gibson to appear in court should the petition for rehearing be denied, and was also cognizant of the fact that the petition for rehearing would be passed upon within a reasonable time after its filing, and it was his duty and responsibility to notify the bondsmen of Buster Lee Gibson that Gibson should be made available that action might be had in the trial court after the mandate had been returned from the Criminal Court of Appeals. The petition for rehearing was overruled on November 26, 1947, and the mandate was issued by the Criminal Court of Appeals to the district court of Logan county on January 27, 1948, a period of more than two months. There is nothing in the law that requires any notice of the filing of the mandate to be served upon the defendant or his bondsmen. Sec. 1072, Title 22, O.S. 1941, provides as follows:

"It is hereby made the duty of the court clerk in all counties, upon receipt from the Clerk of the Criminal Court of Appeals of any mandate or order of the Criminal Court of Appeals, to immediately and without any order from the court, or judge thereof, to spread said mandate or order of record in the proper court, and to issue and place in the hands of the proper officer appropriate process for carrying out such mandate or order."

The mandate from the Criminal Court of Appeals was spread of record on February 3, 1948, at which time the defendant did not appear and submit himself to the judgment of the court, and he and his bondsmen were called in open court and failed to respond, and the bond was forfeited, and a proper warrant issued for the arrest of Buster Lee Gibson. The only persons to testify in behalf of the bondsmen were Ernest West, one of the bondsmen, and Owen F. Renegar, the attorney for the defendant. West testified that he did not know anything about the action of the Criminal Court of Appeals on the appeal of Buster Lee Gibson until he was sued on the bond in a civil suit. He testified that he did not know where Buster Lee Gibson was at all times, but that he knew Gibson's attorney. To show that the witness was an experienced bondsman, we call attention to his testimony, as follows:

"Q. Do you feel that it is not your duty to look into these matters when you are on a bond with these defendants? A. I try to keep up with the people I sign bonds for, as much as I can."

Owen F. Renegar, the attorney for Buster Lee Gibson on the motion to set aside the bond forfeiture, testified that when the opinion of the court affirming the action of the district court of Logan county was issued in October, 1947, he immediately filed a petition for rehearing, and that he did not get notice of the affirmance on January 27, and no information that the judgment

would be spread of record on January 29, 1948; that was the date that the mandate was sent to the district judge of Logan county informing him that the case had been affirmed on October 15, 1947, and directions given him to cause such affirmance to show of record in his court, and to take such further action in accord with the opinion. Neither was the mandate spread of record on January 29, 1948; it was only filed. He did not testify that he did not have notice of the overruling of the petition for rehearing. He knew that it was his duty to notify Gibson's bondsmen of the action of the Criminal Court of Appeals in order that they could have him available when needed by the trial court. He testified that Gibson did call him about once a week from somewhere, and that Buster Lee Gibson's father kept in touch with him; but he did not testify that he told Buster Lee Gibson or the bondsmen that there had been a decision affirming the trial court in the Criminal Court of Appeals. Sec. 1108, Title 22, O.S. 1941, provides for the forfeiture of bail, and if at any time before final adjournment of court the defendant or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture to be discharged upon such terms as may be just. The defendant, Buster Lee Gibson, at no time appeared in the trial court after the mandate had been returned, to in any way excuse his conduct in leaving the state and not being present at the time the mandate was spread of record. In Seaba et al. v. State, 144 Okla. 295, 290 P. 1098, a case where the facts are very similar to those in the case at bar, this court held that it was not the duty of the sheriff or county attorney to keep the plaintiff in error advised as to what action was taken in his case by the Criminal Court of Appeals, but that it was the duty of the plaintiff in error, Carl Seaba, and his attorney to keep advised concerning the proceedings in the Criminal Court of Appeals, and that had they made any inquiry of the Clerk of the Criminal Court of Appeals or of the district court of Kay county, they could, with the exercise of ordinary diligence, have discovered that the case had been affirmed and the mandate spread of record in the district court of Kay county. In that case the action of the Criminal Court of Appeals and the spreading of the mandate of record were done exactly as in this case, and the action of the trial court in that case in refusing to set aside the bond forfeiture was affirmed, as it did not clearly appear that the trial court had abused its discretion. The opinion in that case states that "abuse of judicial discretion is a discretion exercised to the end or purpose not justified by, and clearly against, reason and evidence." The record showed that, in the case at bar, Buster Lee Gibson had been convicted of burglary and sentenced to five years in the State Penitentiary at McAlester; that his case has been passed upon by the Criminal Court of Appeals; that he had left the State of Oklahoma without permission of the Criminal Court of Appeals and in violation of the provisions of both the statute and the bond; that he had been confined for at least two weeks in the jail at Manhattan, Kansas, and that he was picked up more than two weeks after the mandate was spread of record by the sheriff of Logan county, Oklahoma, in Topeka, Kansas, and taken from the custody of the Kansas Bureau of Investigation, and that his record with the Federal Bureau of Investigation, commonly known as his "rap sheet", showed that he had been arrested 26 times, and that at no time had he appeared before the trial judge to in any way excuse his action in not being present when the mandate was spread of record. In face of our statutes and decided cases, I do not see how any reasonable judge could have set aside the forfeiture in this case.

Under the majority opinion, any person acting as bondsman for a defendant who is out on bail and forfeits

530

his bond and is recaptured and placed in a penal institution, would be entitled to be released from any liability on the bond. It is to be remembered that some of the bondsmen in this case are very clearly not gratuitous bondsmen, but bondsmen for hire. The boy's father apparently was on his bond, and he had some idea where his son was, and it was his duty to see that his son stayed within the boundaries of the State of Oklahoma unless he had the permission of the Criminal Court of Appeals to leave the state. As has been said, it was the duty of the lawyer and the defendant, and it was also the duty of all the bondsmen, to see to it that Buster Lee Gibson did not leave the state and was ready to answer in the district court of Logan county to the judgment which was affirmed in his case. The rule of the majority opinion permits bondsmen to be careless and negligent and to reap all the benefit from the efficiency of the law-enforcement agencies of the state and of the nation. A district judge who would vacate a forfeiture in a case of this kind would be doing the state a disservice and the prosecutor, whose duty it is to see that proper bonds are made, an injustice.

The decisions relied upon by the majority opinion are cases in which the bond was forfeited prior to trial, and in which there was some valid reason offered for the nonappearance of the defendant at the trial. It is the general rule that the arrest and imprisonment of the accused in proceedings in another jurisdiction than that in which the recognizance was entered into, and in which the defendant was to appear, is not sufficient grounds for setting aside the bond forfeiture. See 8 C.J.S., Bail, §92, note 34; Weber v. United States (10 Cir.) 32 F. 2d 110; State v. Douglas, 91 W. Va. 338, 112 S. E. 584.

I dissent.