Wiley Bruce WILDER, H. D. Gregory, and Elmo McElfresh, Plaintiffs in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. 37616.

Supreme Court of Oklahoma.

April 30, 1957.

Fred Cunningham, Hobart, for plaintiffs in error.

Lloyd Reeder, County Atty., Kiowa County, Hobart, for defendant in error.

CARLILE, Justice.

Wiley Bruce Wilder, a resident of Texas, as principal, and H. G. Gregory and Elmo McElfresh, as sureties, executed an appearance bond in the County Court of Kiowa County, Oklahoma in the sum of $750, conditioned that the principal Wilder would appear before the County Court at the next term thereof to be held at Hobart to answer to the charge and offense of driving while under the influence of intoxicating liquors. The case was assigned for trial on Tuesday, September 18, 1956 at 9:00 o'clock A.M., at which time the case was called, but the defendant failed to appear and his bond was forfeited and a warrant issued for his arrest. The defendant's attorney, who had been appointed by the court, was present in court and stated that the defendant was present on the previous day and had then said he would return on the following day and counsel re-

quested additional time to locate and bring the defendant into court, which request was overruled. The record shows that defendant's counsel forthwith notified Mr. Gregory, one of the sureties on the appearance bond, of the absence of the defendant and he, Gregory, came to Hobart to try and locate the defendant. The sheriff of Kiowa County located the defendant in jail at Altus, he having been arrested, according to the testimony of the arresting police officer, in an intoxicated condition at about 10:00 o'clock A.M. on September 18th. The defendant was produced in court about 3:00 P.M. on the date his case was set for trial and was then and there tried and convicted of the charge against him and sentenced to pay a fine of $50 and serve 30 days in jail.

On September 27, 1956 a written application was filed in the said case and court by the defendant and the sureties on his appearance bond to vacate and set aside the forfeiture on the bond. After a hearing on the motion the court overruled and denied the same, and on the same day overruled a motion for a new trial, whereupon the movants perfected an appeal to this court. The movants will be referred to herein as appellants.

The appellants present their assignments of error and argument on two propositions; First, it is contended that there is no competent evidence to support the judgment, and second, the judgment is contrary to the evidence and law. The propositions will be considered together.

The appellants assert in their brief that they produced competent evidence in support of their motion, showing that the defendant Wilder was mentally ill, suffering from chronic alcoholism, and was unable to appear in court on the morning his case was set for trial, and argue that such testimony and fact were sufficient excuse for his failure to appear. Excerpts from defendant's testimony is quoted in support of their argument, some of which is as follows:

"Q. Are you an alcoholic—that is one who takes some, one who has a compulsion to drink, you continue to drink until you get drunk? A. Yes, sir, As a rule I don't drink. But when I drink enough to get under the effects of it, I don't have enough will power, I can't resist after I start drinking.

"Q. Did you black out Monday night or Tuesday morning? A. Yes, sir, I did.

* * * * * *

"Q. Did you at any time intend to fail or refuse to show up in court here in Hobart? A. It was not my intention, no sir."

The appellants produced the testimony of Dr. B, who testified that chronic alcoholism is a disease, that a man, an alcoholic, is sick while under the influence of alcohol. He was asked if he based his opinion on the facts that a man has a compulsion to drink and cannot take a drink without afterwards getting drunk, has blackouts, and is mistaken about things that have happened to him. The doctor answered "Yes, sir, mentally sick".

■■■ Appellants assert that the evidence is undisputed, and that the trial court was not at liberty to disregard the same, citing Fleming v. Drew, 88 Okl. 160, 212 P. 306. Such undisputed testimony, even if it is accepted as true, is not of such conclusive nature as to require, as a matter of law, that the court grant the relief sought, but it should be given consideration by the court in rendering a decision on the motion.

"An application to set aside a forfeiture of a bail bond is addressed to the sound judicial discretion of the court." State v. Wright, 193 Okl. 383, 143 P.2d 801, 802.

Title 22, Section 1108, O.S.1951 relates to forfeiture of appearance bonds, and provides in part as follows:

"* * * But, if at any time before the final adjournment of court the defendant or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture to be dis-

charged upon such terms as may be just. * * *."

There is no fixed rule under which the court must exercise its judicial discretion on such a motion. In a proper exercise of discretion in such matter the facts, circumstances and merits in the particular case must be considered. In White v. State, 82 Okl. 116, 198 P. 843, the order of the trial court denying an application to set aside a bond forfeiture was reversed on appeal where there was evidence showing the defendant was sick and unable to appear at the time his case was called for trial. Dunn v. State, 65 Okl. 223, 166 P. 193, was another case where on appeal an order of the trial court denying a motion to vacate a bond forfeiture was vacated on the grounds that a member of the defendant's family was ill. The facts in such cases differ materially from those in the present action, but are referred to to show the latitude of discretion allowed on such motions.

■ The right of a defendant and the sureties on his appearance bond in a criminal action to have a forfeiture on the bond vacated and discharged depends upon the facts, circumstances and merits of the particular case, subject to the sound legal discretion of the court. The fact that a defendant may be a chronic alcoholic, and as a result mentally ill, does not change or require a different or special application of such established rule. When the defendant in the present action failed to appear another case was called for trial, which occupied the court during the forenoon of that day. The defendant Wilder was produced in court about 3:00 P.M. of the day his case was set for trial and he was tried on that day and convicted of the charge against him. Mr. Gregory, a surety on defendant's bond, at the hearing on the motion to vacate the forfeiture on the appearance bond, offered to pay any expense incurred by the State in locating and producing the defendant in court. It is not apparent from the record that the defendant Wilder had any wilful intention to avoid or delay his trial, or violate the conditions of his bond.

In the case of State v. Wright, supra, the opinion shows that the defendant Wright left the State and failed to appear in court pursuant to his appearance bond, which was forfeited. The opinion states that there was some evidence warranting an inference that he was ill at the time, however, he unsuccessfully resisted extradition proceedings brought by the State and was returned and convicted of the charge of burglary. The sureties on his bond assisted the State officers in extraditing and securing the return of the defendant. This court affirmed the order of the trial court vacating the order of forfeiture on the appearance bond, and in doing so quotes the following:

"And: 'Where there has been no wilful default and where there has been a subsequent trial and conviction or acquittal of the accused, the purpose of the bail bond has been satisfied, in which case a proper matter is presented for the exercise of the discretion of the court, and the forfeiture should be set aside * * *.' 6 Am.Juris. 120 § 189."

And the 5th syllabus of the opinion holds:

"It is the manifest intention of the statute to encourage the giving of bail bond in a proper case, and encouragement should be afforded vigilant and thrifty bondsmen in assisting in the administration of the law's penalties, and in proceedings for relief from an order forfeiting bail bond the court has a wide latitude for the exercise of its judgment."

In the case of Nicholson v. State, 132 Okl. 298, 270 P. 567, 568, the defendant apparently was not aware of the date and hour of his trial, but later in the day did appear in court. The order of the trial court denying a motion to vacate the forfeiture on his appearance bond was reversed with the following statement:

"While the law requires interested parties to take cognizance of the proceedings of a trial court, yet upon examination of this record, it clearly ap-

pearing that the absence of defendant was not willful, and that the court was not materially delayed by his absence, we conclude that defendant and his bondsmen should not be penalized in the sum of $500."

In the case of Gibson v. State, 204 Okl. 523, 231 P.2d 649, this court reversed the order of the trial court denying a motion to vacate a forfeiture on an appeal bond. The excuse there given for failure of the defendant to appear was the testimony of his sureties and his attorney, who testified that they were not aware that the conviction of the defendant in the district court had been finally affirmed on appeal and the mandate spread of record.

We have considered the record and evidence involved in the present appeal and in view of the same and prior decisions of this court which involved the vacation or discharge of forfeiture on appearance bonds, we find and conclude that the motion to set aside and discharge the forfeiture entered upon the appearance bond in this action should have been sustained and the denial thereof constituted prejudicial error. Judgment of the County Court is reversed.