James R. MACHELL and The Resolute Insurance Company, a Rhode Island Corporation, and E. L. Johnson, Plaintiffs in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. 43307.

Supreme Court of Oklahoma.

Nov. 3, 1970.

Rehearing Denied March 2, 1971.

Simon B. Spradlin, Oklahoma City, for plaintiffs in error.

Eph Monroe, Dist. Atty., Sayre, for defendant in error.

IRWIN, Chief Judge:

James R. Machell, herein referred to as defendant, was charged with a crime and after preliminary examination was bound over to the district court and bail was set in the sum of $3,000.00. On May 16, 1968, defendant appeared with counsel and changed his plea to guilty as charged. At that time the court set hearing for judgment and sentence at 1:30 P.M. on August 21, 1968. The court ordered him to appear at such time and continued the $3,000.00 bond. At the designated time the matter was called and defendant failed to appear. The court ordered the bond forfeited and a bench warrant issued. Defendant was apprehended later and incarcerated in the State Penitentiary.

The Resolute Insurance Company, who was surety on the bond, and its general agent, E. L. Johnson, filed a motion to set aside the bond forfeiture. After a hearing thereon the court refused to set aside the order of forfeiture. Resolute Insurance Company and E. L. Johnson, herein referred to as bondsman, lodged this appeal from the order overruling their motion for new trial.

Bondsman contends that no written notice of the required appearance of the defendant was given as prescribed by 59 O. S.Supp.1970, § 1330(b), (enacted in 1965) and without such notice the trial court was without authority to order forfeiture of the bond.

The specific proviso relied upon by bondsman in § 1330(b) supra, is:

"* * * Provided, however, the bail bondsman or the insurer shall have had written notice at the place of his business of the trial or hearing of defendant at least ten days before his required appearance of defendant, unless the appearance is scheduled within that time from execution of bond."

We find it unnecessary to consider or determine the force and effect of the above proviso. Bondsman's motion to set aside the order of forfeiture was based on allegations that the default of the defendant was without fault or knowledge of the surety. The motion made no reference to the failure of notice, or that it had no notice of the scheduled appearance of defendant, or that the trial court was without authority to order forfeiture without the notice as provided by § 1330(b) supra. Bondsman did not plead that it did not receive notice of the hearing as provided by § 1330(b) supra, or place in issue in the trial court the failure to receive such notice. Bondsman alleged in its motion for a new trial that the trial court erred in failure to give proper notice of the forfeiture of the bond. This allegation apparently has reference to the first paragraph of § 1330, supra, concerning notice after the bond has been forfeited. However, this allegation of error is not directed to the failure of notice as provided by § 1330(b) supra, for the required appearance of defendant, but is directed only to the failure of notice after the forfeiture.

■ The authority of the trial court to order forfeiture of the bond because of failure of notice as provided by § 1330(b), was never presented to or considered by the trial court. Under these circumstances, this alleged error will not be considered by

this Court on appeal. See Steiger v. City National Bank of Tulsa, Okl., 424 P.2d 69.

Bondsman argues that the trial court's order refusing to set aside the forfeiture is contrary to the established definition of sound judicial discretion.

In State v. Scott, Okl., 371 P.2d 704, we held that where a defendant, who is free on bond, wilfully and intentionally refuses to appear at the trial and neither he nor his surety on the bond furnishes evidence satisfactorily excusing his failure to appear, the trial court in the exercise of its judicial discretion should refuse to set aside the forfeiture of the appearance bond.

In Wilder v. State, Okl., 310 P.2d 765, we said:

"There is no fixed rule under which the court must exercise its judicial discretion of such a motion. In a proper exercise of discretion in such matter the facts, circumstances and merits in the particular case must be considered. In White v. State, 82 Okl. 116, 198 P. 843, the order of the trial court denying an application to set aside a bond forfeiture was reversed on appeal where there was evidence showing the defendant was sick and unable to appear at the time his case was called for trial. Dunn v. State, 65 Okl. 233, 166 P. 193, was another case where on appeal an order of the trial court denying a motion to vacate a bond forfeiture was vacated on the grounds that a member of the defendant's family was ill. * * *."

In Thomas v. State, Okl., 421 P.2d 825, we said that where there is no willful default and no attempt to evade justice, it is an abuse of discretion for the trial court to refuse to set aside the bond forfeiture. In that case we held the trial court abused his discretion in refusing to set aside the bond forfeiture where defendant had no means of knowing the day he was required to appear and his failure to appear was not willful.

The above cases involved bond forfeitures prior to the enactment of the Bail Bondsman Act of 1965, the same being 59 O.S.Supp.1970, § 1301 through § 1340.

Under the previous enactment (22 O.S.1961, § 1108) after an order of forfeiture of a bond has been entered, if at any time before the final adjournment of court the defendant or his bail appear and *satisfactorily excuse his neglect* (to appear at the scheduled time) the court may direct the forfeiture to be discharged upon such terms as may be just.

In so far as pertinent to the case at bar, under the provisions of 59 O.S.Supp.1970, § 1332(3), if the defendant is surrendered to custody of the sheriff or court wherein the forfeiture has been ordered within 30 days from the date of the order of forfeiture, the court, upon the motion of the defendant or the bondsman shall set aside the forfeiture *for good cause shown.*

In our opinion, there is no legal distinction between the language "satisfactorily excuse his neglect" as employed in § 1108 supra, and "for good cause shown" as employed in § 1332(3) supra. In other words, what would be sufficient evidence to "satisfactorily excuse his neglect" would be sufficient evidence for "good cause shown".

We therefore conclude that under the terms of 59 O.S.Supp.1970, § 1332(3) supra, if a defendant, who is free on bond, wilfully and intentionally refuses to appear at the scheduled time for his appearance, and neither he nor his bondsman furnish evidence showing good cause for his failure to appear, it is not reversible error for the trial court to refuse to set aside the forfeiture of the appearance bond.

There is no evidence in the record tending to establish "good cause" for defendant's failure to appear on August 21, 1968, and the record discloses that bondsman knew that defendant was ordered to appear on that date. The agent, E. L. Johnson, testified at the hearing to set the

forfeiture aside that "I was aware I might have a problem with this gentleman (defendant) before the court date, before the date of forfeiture". This witness was asked: "Weren't you well aware of the fact many days before the 21st of August that Mr. Machell (defendant) was unavailable?" and his response was: "I think that was my previous testimony about it—I became concerned about him before the 21st, became aware of it". And as heretofore discussed, no issue was raised in the trial court concerning the lack of knowledge that defendant was to appear on August 21, 1968.

We hold the trial court did not err in refusing to set aside the order of forfeiture.

■ Bondsman also contends that under the provisions of § 1332(3) supra, if the defendant is surrendered to the custody of the sheriff or court within thirty days from the date of the order of forfeiture, it is entitled to have the order of forfeiture set aside as a matter of law. Bondsman argues that by merely surrendering the defendant within thirty days from the date of forfeiture, it is automatically entitled to relief from the forfeiture under the above proviso, because the surrender of defendant is "good cause" for setting aside the order of forfeiture.

In our opinion, § 1332(3) supra, is subject to but one construction and that is: If the defendant is surrendered to the custody of the sheriff or court wherein the forfeiture has been ordered within thirty days from the date of forfeiture, the court, upon motion of the defendant or the bondsman shall set aside the forfeiture if evidence is furnished showing good cause why defendant failed to appear at the time and place of his scheduled appearance.

Bondsman is not entitled to have the order of forfeiture set aside because the evidence is insufficient to sustain a finding that "good cause was shown" for defendant's failure to appear on August 21, 1968.

Judgment affirmed.

All the Justices concur.