The STATE of Oklahoma, Appellee,

v.

Glen David GINTER, Grant R. Ginter and Daniel L. Kelly, Appellants (two cases).

Nos. 49750, 49751.

Supreme Court of Oklahoma.

Sept. 19, 1978.

Rehearing Denied Nov. 6, 1978.

Andrew Coats, Dist. Atty., Oklahoma County by James P. Laurence, Asst. Dist. Atty., for appellee.

Gary Duckworth, Burger, Wells & Duckworth, Oklahoma City, for appellants.

IRWIN, Justice.

These two appeals from separate orders refusing to vacate previously entered bond forfeiture orders arise generally from the same factual circumstances and present the same legal issues on appeal. Cases consolidated for disposition on appeal.

Glen David Ginter (defendant) was arrested in Oklahoma County on a charge of

burglary. Defendant was under a suspended sentence at the time of his arrest and companion proceedings were commenced to revoke the suspended sentence. Separate appearance bonds were posted for defendant's release on each charge. Defendant was the principal on each of the bonds and David L. Kelly, a professional bondsman, (bondsman) acting by and through Grant R. Ginter, was the surety.

Thereafter, but prior to his scheduled appearances on the two Oklahoma County charges, defendant was arrested on a charge of burglary in Cleveland County, Oklahoma, and incarcerated in Cleveland County jail. Bondsman, on learning of defendant's incarceration in Cleveland County, communicated with a Cleveland County bondsman, and requested that no bond be posted for defendant's release from the Cleveland County jail and that he put a "hold on him." The Cleveland County bondsman did not post an appearance bond for defendant.

Defendant escaped from the Cleveland County jail and was a fugitive at the time of his scheduled appearance on the two Oklahoma County appearance bonds. Defendant failed to appear and the bonds were ordered forfeited. Defendant was subsequently arrested by officers of the Oklahoma City Police Department. Timely motions to set aside the orders of forfeiture were filed.

Both motions to set aside the forfeiture orders were placed on the docket of the Vice-Chief Judge (Criminal) for the District Court of Oklahoma County, who was not the same judge who entered either of the forfeiture orders. After full evidentiary hearing, at which defendant appeared and gave testimony, the court refused to set aside the bond forfeitures.

█ Bondsmen first contend that when defendant was incarcerated in the Cleveland County jail, they did all that was within their power to secure defendant's continued custody and prompt return to Oklahoma County. Bondsmen suggest defendant's

subsequent escape was through no fault or breach of duty on their part and to enforce the forfeiture would be unfair to them. Primary reliance for support of this is 59 O.S.1971, § 1332(3)[1], which states in pertinent part:

"(3) If the defendant's failure to appear was the result of being in the custody of any Federal Court of the United States, or in custody of any court within the State of Oklahoma . . . forfeiture will lie in those instances where custody is the result of a surrender of the prisoner by the bondsman affected or such custody is found to be the result of action to avoid appearance in another court, otherwise forfeiture shall not lie, . . ."

Bondsmen point out that they did not surrender defendant to the Cleveland County authorities and the defendant's incarceration there was not to avoid appearance in Oklahoma County. The problem with the argument is that at the time defendant was to appear in Oklahoma County, he was not in the custody of law enforcement officers in Cleveland County. Defendant was at large and his failure to appear was a volitional act on his part. The fact that bondsmen requested the Cleveland County bondsmen not to post a bond for defendant's release on the Cleveland County charge and to place a hold on defendant is immaterial. The exculpating provisions relied upon in § 1332(3), supra, have no application to the facts of the case at bar.

█ Appellants contend the trial court did not give proper consideration to defendant's excuse for failing to appear. Defendant was a heroin addict and assertedly was mentally incapacitated by reason of his addiction. Appellants argue that heroin addiction is no less a mental illness than chronic alcoholism and cites *Wilder v. State*, Okl., 310 P.2d 765 (1967) as authority for showing the trial court abused its discretion in refusing to set aside the bond forfeiture. In *Wilder* the defendant testified that he was an alcoholic; that he blacked out the

---

1. Amended in 1976 (1976 Session Laws, Ch. 14, § 2) but amendment not applicable.

day before and on the day of his scheduled appearance; and that it was not his intention to not appear in court. A doctor testified that Defendant was mentally sick. The trial court refused to set aside the bond forfeiture and we reversed on appeal. In *Wilder* we said the right to set aside an order of forfeiture "depends upon the facts, circumstances and merits of the particular case, and subject to the sound legal discretion of the court. The fact that a defendant may be a chronic alcoholic, and as a result mentally ill, does not change or require a different or special application of such established rule". Here, as in *Wilder*, defendant's asserted mental incapacity was only a factor for the trial court to consider and will not be given the conclusive weight which appellants say such evidence is entitled to be given.

▇ Appellants' final contention raises the propriety of having some other judge other than the judge who ordered the forfeiture, to hear and adjudicate the motion to set aside the order of forfeiture. By administrative order the judges of the Seventh Judicial District have provided that all motions to set aside bond forfeiture orders are to be placed on the docket of the Vice-Presiding Judge of the Criminal Division. Admin.Or. AD7–76–142. Each of the district judges serve in rotation one month at a time as the Vice-Presiding Judge of the Criminal Division. Principals whose bonds have been forfeited may or may not have their motion to set aside the forfeiture order heard by the judge who entered the order in the first place.

Appellants argue that the judge who entered the forfeiture order would be more familiar with the case and possibly more understanding of the principal and his circumstances. Perhaps this may be true, but we can not help observing that perhaps a judge who ordered the forfeiture would not be too understanding to a defendant who failed to appear before the court as directed. As a practical matter, appellants' contention does not withstand scrutiny. As a matter of regular procedure, criminal defendants make their initial appearance and

their preliminary hearing before one judge and their trial before another. Normally, neither of these judges would be familiar with the defendant's circumstances prior to his appearance before them and yet should he fail to appear any one of them could order his bond forfeited. Lastly, the legal and factual issues involved in a motion to set aside bond forfeiture are entirely separate from the legal and factual issues involved in the initial forfeiture order. Whichever judge would hear the motion would be considering the law and the facts for the first time and rendering the decision on that basis. No prejudice would result to appellants by having a different judge hear the motion to set aside from the judge who ordered the forfeiture.

▇ An application to set aside a forfeiture of an appearance bond in a criminal action is addressed to the sound judicial discretion of the court. *Wilder v. State*, supra.

We find no prejudicial error in these two cases.

ORDERS OVERRULING MOTIONS TO SET ASIDE BOND FORFEITURES AFFIRMED.

LAVENDER, V. C. J., and WILLIAMS, BERRY, BARNES, SIMMS and DOOLIN, JJ., concur.

