MARYLAND NATIONAL INSURANCE
COMPANY, a foreign corpora-
tion, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. 44138.

Supreme Court of Oklahoma.

Feb. 29, 1972.

Don Hamilton, Oklahoma City, for plaintiff in error.

Curtis P. Harris, Dist. Atty., William L. Funk, Asst. Dist. Atty., Oklahoma City, for defendant in error.

LAVENDER, Justice.

This appeal, by Maryland National Insurance Company, is from an order of the District Court of Oklahoma County denying its motion to set aside an order forfeiting an appearance bond upon which it is the surety for one Jerry L. Porter in Case No. CRF-69-1272 in that court.

On June 13, 1969, Porter and another man were charged, by information, with the crime of burglary in the second degree, Porter was arrested, appeared for arraignment with an attorney, pleaded not guilty and waived preliminary hearing, and was released on the bond involved herein.

On the same date, June 13, 1969, the judge of the district court before whom he was arraigned made and entered an order permitting the defendant Porter "to travel outside the State of Oklahoma pending his trial in the District Court of Oklahoma County in the above-entitled cause."

The primary question presented herein is whether or not that order constitutes "written permission to go to the state wherein he is in custody," as that term is used in the following-quoted pertinent portion of Section 32 of the 1965 bail bond law (59 O.S.Supps.1965–1970 § 1332, which, as amended in 1971, appears as 59 O.S. 1971 § 1332, and is hereinafter referred to as Section 1332):

"If the defendant's failure to appear was the result of being in the custody of * * * any court within any other state, providing the defendant had, prior to leaving the State of Oklahoma, obtained written permission to go to the state wherein he is in custody by the judge of the assigned court wherein his case is pending, * * * forfeiture shall not lie, but the county attorney shall direct a hold order to the official, magistrate, court or law enforcement agent wherein the defendant is in custody. * * *."

At the hearing on the motion to set aside the bond forfeiture, a copy of the order of June 13, 1969, was received in evidence, and there was evidence that, on the date the bond was forfeited (December 17, 1969), the defendant Porter was incarcerated in the Ellis County Jail, at Waxahachie, Texas, on a charge of burglary. There was no evidence of any other reason for his failure to appear on December 17, 1969.

The trial court held that the order of June 13, 1969, permitting the defendant to travel outside the State of Oklahoma, did not meet the requirements of the above-quoted portion of paragraph numbered 3 of Section 1332, and denied the motion to set aside the bond forfeiture.

The surety's second proposition (of four) presents the primary question stated above, by contending that the trial court erred in denying the motion to set aside the forfeiture on that basis.

It was and is the theory of counsel for the state that the statutory provision in question requires that the written permission to go to another state specify the state to which the defendant is permitted to go, in order to serve as an excuse for the defendant's failure to appear because of being in custody in another state, so that, under that statutory provision, forfeiture of the bond will not lie.

Neither party cites any authority for its position on the question.

It is true that the order involved herein does not mention the State of Texas. However, while we cannot recommend the granting of such broad permission, we are constrained to hold that this order did permit this defendant to go to the State of Texas.

Under the statutory provision in question and the evidence, forfeiture of the bond did not lie on the date it was forfeited, and the trial court erred in denying the motion to set aside the bond forfeiture.

This make it unnecessary for us to consider the other propositions urged by the surety.

The order denying the motion to set aside the bond forfeiture is reversed and the cause remanded to the trial court with directions to sustain the motion and reinstate the bond.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, HODGES, McINERNEY, and BARNES, JJ., concur.

JACKSON, J., concurs in result.