The STATE of Oklahoma, Appellee-Plaintiff,

v.

IMPERIAL INSURANCE COMPANY, a corporation, and Carl Brooks, Appellants-Defendants.

No. 46575.

Supreme Court of Oklahoma.

April 8, 1975.

Curtis P. Harris, Dist. Atty., William L. Funk, Asst. Dist. Atty., Oklahoma City, for appellee-plaintiff.

Forest N. Simon, O. B. Martin, Oklahoma City, for appellants-defendants.

DAVISON, Justice:

Imperial Insurance Company and Carl Brooks (hereinafter referred to as Appellants), appeal from an order of the lower

court denying their motion to set aside the forfeiture of a $1500.00 appearance bond furnished by them on behalf of one Eddie Rogers (Rogers), who was charged with attempted burglary in the second degree after former conviction.

The facts reflected by the record are that: Rogers was arrested and arraigned on February 20, 1973, his bond fixed at $1500.00, and preliminary hearing was set for March 13, 1973; appellants furnished the bond and Rogers was released on February 20, 1973; Rogers did not appear for the preliminary hearing on March 13th, and the bond was declared forfeited; Rogers was surrendered on March 19, 1973; and appellants filed their motion to vacate the bond forfeiture.

Rogers testified he knew he was supposed to appear in the courtroom on March 13, 1973; that he was in Bing, Oklahoma, on that date, and then went down into Texas, where he "went off on a two day toot"; and that he returned to Oklahoma City on March 18, 1973, where he was arrested by the police.

Appellants contend that the lower court erred, abused its discretion, in denying vacation of the forfeiture, since only six days had elapsed between the forfeiture and the surrender of Rogers. The record discloses that he was surrendered after his arrest.

Title 22 O.S.1971, § 1108 and 59 O.S. 1971, § 1332(3), set forth the grounds and conditions governing the vacation of an order forfeiting an appearance bond. § 1108, supra, requires that the defendant or his bail appear and "satisfactorily excuse his neglect." § 1332(3), supra, provides the court shall set aside the forfeiture upon motion of the defendant or the bondsman, "for good cause shown * *."

 In *Machell v. State,* Okl., 481 P.2d 148, we held there was no legal distinction between the language in each of these sections, and that evidence sufficient as to one of the statutes would be sufficient under the other.

In *Boice v. State,* Okl., 473 P.2d 241, 246, we said it was a prerequisite to con-

sideration of a motion to vacate the forfeiture of a bail bond that the principal or his surety appear and "satisfactorily excuse his neglect," and if they did appear and present a satisfactory excuse for defendant's failure to appear, then the granting of such motion was within the sound discretion of the court.

And in *State v. Scott,* Okl., 371 P.2d 704, 706, we said a surety on an appearance bond undertakes an absolute duty to produce the principal at the time set for hearing, and is bound to know when the defendant's presence is required.

In the present appeal Rogers knew the date he was to appear, supra, but instead was in Bing, Oklahoma, and journeyed to Texas instead, where he went off on a "two day toot." This could be construed as a wilful failure to appear.

In view of the facts and applicable law, we conclude the lower court did not abuse its discretion when it refused to vacate the bond forfeiture.

Affirmed.

WILLIAMS, C. J., HODGES, V. C. J., and IRWIN, BERRY, LAVENDER, BARNES and DOOLIN, JJ., concur.

SIMMS, J., not participating.