**The STATE of Oklahoma, Appellant,**

v.

**Melton Gene YORK and Bill Davidson, Bondsman, Appellees.**

**No. 47403.**

Court of Appeals of Oklahoma, Division No. 2.

Oct. 7, 1975.

Curtis P. Harris, Dist. Atty., William L. Funk, Asst. Dist. Atty., Oklahoma City, for appellant.

Forest N. Simon, O. B. Martin, Oklahoma City, for appellees.

·BRIGHTMIRE, Judge.

The state appeals from an order setting aside a judgment of forfeiture on three bonds claiming it to be illegal for three reasons: (1) The motion to set it aside was not timely filed; (2) There has been a prior forfeiture of the bonds; and (3) There was a failure to show good cause for accused's absence.

Melton Gene York was charged in three cases with the crime of forgery in the second degree on June 29, 1973. On the following day an appearance bond was executed in each case in the amount of $5,000 with Bill Davidson as surety. These cases were consolidated and set for trial on October 17, 1973, and the bondsman was notified in writing of the trial on October 8. The defendant failed to appear on the date of trial and an order of forfeiture was signed by Special Judge Dudley. The bondsman acknowledged notice of the bail bond forfeiture on October 22, 1973, but failed to move to vacate and set aside the forfeiture until December 3, 1973, by which time the judgment of forfeiture had become final. On January 3, 1974, the same special judge set aside the forfeiture of October 17 on the ground that the bondsman had not received 10-days' notice of the trial, and reset the case for trial on January 15, 1974. On this date the accused again failed to appear so the special judge entered a second forfeiture order, notice of which the bondsman acknowledged receipt of at that time.

On January 24 the bondsman brought the accused in and surrendered him. On February 4, Special Judge Hutchison handed down an ex parte order [1] vacating the forfeiture order of January 15 and exonerating the bondsman. When the district attorney discovered this he decided two wrongs would make a right so on February 18 had Special Judge Hutchison sign a second ex parte order vacating the earlier one because "it was not [his] intention" to do what he did on February 4! Eventually the bondsman found out about this and filed a motion to vacate the last order. This motion was heard on April 1, 1974, by

---

1. A written version of this order was among a group of orders approved by state's attorney and signed by the judge on February 14.

Special Judge Dudley, resulting in the April 3 order again setting aside the January 15 forfeiture order. It is from this April 3 order that the state appeals.

■ The short answer to state's first proposition attacking the first bond forfeiture is that however the court might have erred, the January 3, 1974 order vacating the October 17, 1973 forfeiture judgment became a final and appealable one, and since appellate review of it was not sought within 30 days thereafter, its validity was not open to further attack.

State's other two contentions regarding the second forfeiture of the bond, however, have merit and being related will be considered together.

First of all we cannot find in the record where the bondsman, within 30 days after the January 15 forfeiture, filed "with the court a motion" to set it aside containing "the grounds upon which it relies." Evidently in procuring the ex parte exonerating order of February 4, the special judge

and bondsman construed 59 O.S.1971 § 1332(3) [2] as dispensing with the filing of the motion required by the section's introductory paragraph and authorizing more or less an automatic exoneration upon returning the prisoner to captivity within 30 days of the forfeiture.[3] In this they were mistaken.

■ Read as a whole § 1332 requires the filing of a written motion—once there is a forfeiture—containing the grounds for setting the judgment aside within the 30-day post-forfeiture period no matter what the grounds are. And a fundamental corollary of the requirement is the giving of proper notice regarding a hearing which must be held on it. This seems obvious enough from the fact that where a surrender is effected within 30 days after a forfeiture the statute prescribes that "upon motion" and the showing of (1) "good cause" and (2) the absence of a previous bond forfeiture "in the case," the court shall set aside the forfeiture. It is not

---

2. Section 1332(3) says in pertinent part: "Providing, that all expenses accrued as a result of returning the custody of the defendant shall be borne by the bondsman. If the defendant is surrendered to custody of the sheriff or court wherein the forfeiture has been ordered within thirty (30) days from the date of said order, the court, upon the motion of the defendant or the bondsman shall set aside the forfeiture for good cause shown and upon proof that there has been no previous forfeiture of bond in the case at issue. From and after the effective date of this act the district attorney shall not receive any fees, bonuses or other monies or property for or by reason of his services or actions in connection with or collection of bond forfeitures under the provisions of this act."

3. This we infer from findings upon which the April 3 order—the one appealed—is based. It reads:

"ORDER

"Now on this 3rd day of April, 1974, this matter comes on for final determination, the Court having taken under advisement the hearing had herein on April 1, 1974.

"It is found by the Court that Defendant was surrendered to the Sheriff of this County within 30 days from the date of forfeiture on January 15, 1974.

"It is found by the Court that Motion to Set Aside Bond Forfeiture was filed within time because bondsman had no notice of ex-parte Court Order filed and issued February 18, 1974.

"It is found by the Court that the previous bond forfeiture in this case did not prevent the Motion of the bondsman from being sustained for the reason that the prior bond forfeiture had been set aside.

"It is found by the Court that the bondsman had spent considerable money in returning Defendant to custody of the Sheriff and that the Defendant has now had preliminary hearings in all three cases, that the bondsman has been diligent and the Motion to Set Aside Bond Forfeiture should be sustained, the Court being satisfied that bondsman has shown good cause.

"IT IS, THEREFORE, ORDERED BY THE COURT that Motion of the bondsman, Bill Davidson, to set aside Judgment of Forfeiture in all three of the above styled cases, is sustained, and the bondsman exonerated in each of said cases."

sufficient merely to surrender the prisoner within 30 days even though in effecting it the bondsman "spent considerable money" and was "diligent." *Lorentz v. State,* Okl., 531 P.2d 332 (1975).

▋ The record here discloses that though the accused was turned over to the sheriff some nine days after the January 15 forfeiture, no written motion was filed until March 4—48 days later—during which time the forfeiture order became a final judgment notwithstanding the purported ex parte "order" of February 4—an order we consider void for lack of precedential notice and hearing.

Secondly, the tardy motion set out no legal grounds for the vacation. Because it recited no facts suggestive of a good reason why the accused failed to appear in court January 15, the motion provided a clue as to what extent the evidence would be deficient at its April 1 hearing. For it was then the accused testified that when agents of the bondsman picked him up in Winnipeg, Canada, on January 24, he was getting ready to leave there, but said he, "I hadn't made up my mind where I was going to, I didn't know. . . . I had thought about coming back and I had thought about going to Vancouver. . . . I was afraid there would be more charges if I came back." This of course proved simply an intent to jump bail—not good cause for excusing his failure to appear in court on January 15 as agreed.

Moreover it remains an undeniable fact of record that there had been a prior bond forfeiture in these same three cases on October 17, 1973.

Under these circumstances the trial court was without legal authority to set aside the January 15 forfeiture. Therefore the order entered April 3, 1974, is vacated.

Reversed.

NEPTUNE, P. J., and BACON, J., concur.