The STATE of Oklahoma, Appellee,

v.

**J. L. MAULDIN, Bondsman; Earl Fredrick Baxter and Clive Lee Hainline, Appellants.**

No. 51463.

Supreme Court of Oklahoma.

Oct. 23, 1979.

Earl E. Goerke, Dist. Atty., Albert J. Hoch, Asst. Dist. Atty., Enid, for appellee.

Forest N. Simon, Oklahoma City, for appellants.

WILLIAMS, Justice.

The question to be answered in the present appeal is whether the bondsman who had executed separate appearance bonds for two defendants charged in the trial court with the commission of the felony of burglary in the second degree, which had been forfeited, was entitled to a notice of hearing on his motions to set aside forfeitures of the bonds and an opportunity to present evidence of good cause for failure of defendants to appear for trial. We determine he was.

Thirteen months after bondsman executed the bonds involved, defendants' cases were regularly set for jury trial, on September 22, 1977, and defendants' counsel and bondsman were notified of the setting. Meanwhile defendants had been placed in jail in Kerrville, Texas on a similar charge. When their cases were called and they failed to appear, the trial court ordered their bonds forfeited.

Bondsman received copies of the forfeiture orders and judgments shortly thereafter and within the thirty days granted him by the statute here under discussion he filed motions to set the forfeitures aside, reciting therein that defendants were so incarcerated.

The defendants' cases again were set for trial on March 7, 1977. No notice of hearing on motions to set aside bond forfeitures was given. That defendants were still incarcerated in Texas was reported to the trial court. Thereupon the court remarked that it had been "some six months" since forfeiture had been ordered and that defendants had not yet been returned to Garfield County for trial, "reaffirmed" the September 22, 1976 forfeiture orders, ordered reissuance of bench warrants and summarily denied the motions.

Special executions based respectively on each of the bond forfeitures were then issued and copies were served on bondsman March 20th. On May 11th, 1977 he filed motions to quash the special executions and

also filed applications for hearing on his previously filed motions to set aside the bond forfeitures (which the trial court ostensibly already had denied).

The parties in effect stipulated that defendants' cases again were set for jury trial on September 12, 1977, on which date they were called for trial. Bondsman then and there appeared by counsel and requested an evidentiary hearing on his motions to set aside bond forfeiture orders and judgments, to permit him to present evidence that defendants were still in jail in Texas and that neither they nor their bondsman had any notice of hearing on March 7, 1977, on bondsman's motions to set aside the bond forfeitures and that the court then denied bondsman's motions to set aside forfeitures. From that adverse ruling bondsman appealed.

Necessarily involved here is an interpretation of the involved statute, now 59 O.S. 1978 Supp. § 1332.[1]

That statute prior to its amendment on February 19, 1976,[2, 3] provided for a bonds-

1. 59 O.S.1978 Supp. § 1332 states in pertinent part:

§ 1332. Notice of forfeiture—Motion to set aside

In the event of the forfeiture of a bail bond the clerk of the trial court shall notify the bondsman on said bond who may, within sixty (60) days from the date of such notice, file with the court a motion to set aside the order of forfeiture which motion shall contain the grounds upon which it relies. If the bondsman fails to file said motion within the sixty (60) days, the forfeiture shall become a final judgment and the clerk shall immediately issue execution upon the undertaking in accordance with law.

(1) Where the motion to set aside is filed within sixty (60) days as provided above, the court shall set the motion on a date certain for hearing and shall cause said motion to be heard expeditiously, after notice to the parties involved, and if such motion be denied, the court shall enter judgment of forfeiture against the bondsman for the amount of the undertaking and the clerk shall at once record the judgment. The bondsman may appeal from said judgment to the Supreme Court as in all other civil cases and if supersedeas bond in the amount to be fixed by the court from which the appeal is taken be approved and timely filed execution shall be stayed pending said appeal and final judgment. Upon final judgment of forfeiture being entered, the clerk shall immediately issue

execution to the sheriff who shall forthwith levy such execution according to law and when collected it shall be paid to the clerk of the court.

2. H.B. No. 1147, Okl.S.L.1976, 15–16, 35th Legislature, Second Regular Session, approved February 19, 1976. The second regular session adjourned sine die June 9, 1976. The amendment became effective September 8, 1976. O.S.L.1976, VI. Okl.Const. Art. 5, § 58.

3. Before the 1976 amendment 59 O.S.1971, § 1332, subdivision (3) provided in pertinent part:

(3) If the defendant's failure to appear was the result of being in the custody of . . . any court within any other state, providing the defendant had prior to leaving the State of Oklahoma, obtained written permission to go to the state wherein he is in custody, by the judge of the assigned court wherein his case is pending, forfeiture will lie in those instances where custody is the result of the surrender of the prisoner by the bondsman affected or such custody is found to be the result of action to avoid appearance in another court, otherwise forfeiture shall not lie, . . . . .

In contrast the 1976 amendment to this section as it appears at 59 O.S.1978 Supp., § 1332 provides in pertinent part:

(3) If defendant's failure to appear was the result of being in the custody . . . of any

man to have thirty (30) days from receipt of notice of forfeiture from the court clerk to file motion to set aside the order of forfeiture. In this aspect, the 1976 amendment merely increased the time for filing such motion to sixty (60) days.

The principal point of contention is the meaning of the 1976 amendment of the 3rd subdivision of the section. Before such amendment, the subdivision in effect provided that if the judge of the court in which a defendant's case was pending had permitted him in writing to go to the state wherein he is in custody pending trial of his case and he could not return for the appointed day of his trial because he was incarcerated either somewhere else in Oklahoma or in the other state, his bond could be forfeited only if his bondsman had surrendered him to the other court "or such custody is found to be the result of action to avoid appearance in another court."

Appellant bondsman generally contends that the trial court abused its discretion in denying his motions without notice and hearing in the first place and later in refusing to hear testimony in support of his motions to set aside the bond forfeitures and in summarily overruling said motions.

Appellee contends the statute does not prohibit forfeiture but rather merely allows bondsman 60 days (not "forever") to secure return of defendant and an opportunity to show good cause to set aside forfeiture. Appellee further states appellant admits receiving a copy of execution on March 20, 1977 but that he did not file a motion for new trial within 10 days of March 7, 1977, but waited until May 20, 1977 to file motions to set aside executions.

Appellee says the only time the bondsman ever appeared in the case was on September 12, 1977 and the trial "court refused to hear testimony from the Bondsman for the reason that the Bondsman did not have the defendants present in court." Appellee State adds that defendants were released in 1977 by the Texas sheriff despite the "hold" placed on them and that they were again

arrested and returned to Garfield County on April 10, 1978. The State contends the bondsman should have made bond for the defendants in Texas or obtained a writ of habeas corpus ad prosequendum, sought waiver of extradition by defendants' attorney, etc.

■ In our view, since the bondsman was not notified that the trial court intended on March 7, 1977 to consider his motions to set aside the subject bond forfeitures, the order denying the motions was a nullity. In *State v. York*, 541 P.2d 1367 (Okl.App.1975), the Court of Appeals under the statute prior to its 1976 amendment held that a bondsman is required to file a motion, prerequisite to obtaining relief. The Court added, "And a fundamental corollary of the requirement is the giving of proper notice regarding a hearing which must be held on it." Notice and an opportunity to be heard are two of the essential elements of due process of law. *Lebus v. Carden*, 583 P.2d 503, 504 (Okl.1978) citing several prior Oklahoma cases.

The Court of Appeals in its opinion previously rendered in this case, to which the petition for certiorari herein is addressed did not treat the issue of whether the trial court abused its discretion in refusing to permit testimony in support of bondsman's motion to set aside the bond forfeitures, etc., on the basis that the subdivision of the statute as amended provides the trial court shall set the forfeiture aside for good cause shown, if there has been no previous forfeiture, "*[i]f the defendant has been surrendered to the custody of the sheriff or court . . . within sixty (60) days,*" citing *Short v. State*, Okl., 482 P.2d 592 (1971). We have granted certiorari.

■ Of prime importance here, in our opinion, is the fact that the 1976 amendment left out the provision that if the defendant had the assigned judge's written permission to go to the state where he became incarcerated, his bond could be forfeited only if his bondsman had surrendered

court within any other state, forfeiture will lie in those instances where custody is the result

of a surrender of the prisoner by the bondsman affected.

him to the other court or if he were in custody there to avoid appearance in another court and merely states that "[I]f the defendant's failure to appear was the result of being in the custody . . . of any court within any other state, forfeiture will lie in those instances where custody is the result of a surrender of the prisoner by the bondsman affected." The meaning clearly is that if the defendant cannot return for a scheduled trial the bond may not be forfeited unless the bondsman surrendered him to the other court. For how long a time a case might remain in that posture is not here for our present consideration.

It appears that the Legislature by the subject amendment intended forfeiture would lie only if the bondsman had surrendered a defendant into the custody of another court. In the case of *Maryland National Insurance Co. v. State*, 500 P.2d 577 (Okl.1972) this Court determined that under the statute as in effect at the time that case arose, (59 O.S.1970 Supp. § 1332) the defendant did have a trial judge's valid written permission to go out of state. We there held that under statute and the evidence "forfeiture of the bond did not lie on the date it was forfeited, and the trial court erred in denying the motion to set aside the bond forfeiture."

We hold that the summary denial of bondsman's described motions without notice and subsequent refusal to grant requested evidentiary hearing was an abuse of discretion. *Grattan v. Tillman*, 323 P.2d 982 (Okl.1958).

REVERSED FOR A NEW TRIAL.

LAVENDER, C. J., IRWIN, V. C. J., and HODGES, BARNES, DOOLIN, HARGRAVE and OPALA, JJ., concur.

SIMMS, J., dissents.