Shenee Jard PRESNELL, Defendant, Bill Davidson, Bondsman, and Surety Insurance Company of California, Insurer, Appellants,

v.

The STATE of Oklahoma, Appellee.

No. 53664.

Court of Appeals of Oklahoma,
Division No. 2.

July 28, 1981.

Rehearing Denied Aug. 21, 1981.

Certiorari Denied Sept. 28, 1981.

Released for Publication by Order of Court of Appeals Oct. 2, 1981.

Forest N. Simon, Oklahoma City, for appellants.

Robert H. Macy, Dist. Atty., Robert I. Owen, Asst. Dist. Atty., Oklahoma City, for appellee.

BOYDSTON, Judge.

Appeal is from order overruling motion to vacate $500 criminal bail bond forfeiture. Bondsman filed timely motion to set aside surety bond forfeiture and defendant-principal "voluntarily" surrendered in timely manner, pled guilty and paid his fine. Neither bondsman nor defendant offered an excuse for defendant's original failure to appear. Trial court refused to set aside the forfeiture. Bondsman appeals, claiming tri-

al court abused its discretion by failing to take into account the "good faith" effort made by bondsman in locating and procuring defendant's appearance.

 The Bail Bond Act (59 O.S. 1976 Supp. § 1332) reads in pertinent part:

[I]f the defendant is surrendered to custody of the sheriff or court wherein the forfeiture has been ordered within sixty (60) days from the date of said order, the court, upon the motion of the defendant or the bondsman shall set aside the forfeiture for *good cause* shown . . . . (emphasis added)

We hold the phrase, "good cause," as set forth in the Act relates only to the conduct of defendant-principal and affirm trial court's judgment.

At the hearing on the motion to set aside forfeiture, bondsman testified defendant had moved to Texas but returned and appeared in court as a result of bondsman's efforts. Bondsman testified he had no idea why defendant failed to appear in court but stated, "I am not trying to show good cause on the part of the defendant. I am showing good cause on the part of the bondsman."

■ Where a forfeiture has occurred, if bondsman is to avoid the penalty of forfeiture, he must comply with the requirements of 59 O.S. 1976 Supp. § 1332. This statute has been amended several times over the years, but none of the changes has altered defendant's duty to appear at appointed times or the statutory requirement of showing good cause to excuse failure of appearance.

■ It is within the sound discretion of the court whether to grant a motion to set aside bond forfeiture. *Wilder v. State*, Okl., 310 P.2d 765 (1957). The court's discretion is limited to the facts, circumstances and merits of the reason offered for defendant's failure to appear. *Boice v. State*, Okl., 473 P.2d 241 (1970). The exercise of discretion is "triggered" only by evidence sufficient to justify defendant's failure to appear. *State v. Imperial Insurance Co.*, Okl., 539 P.2d 734 (1975).

■ Where evidence is insufficient to excuse defendant's nonappearance, the forfeiture should stand. Where, as here, the evidence offered established only the diligence of bondsman, the court has no other choice but to uphold the forfeiture. We affirm the trial court's judgment.

BACON, P. J., concurs.

BRIGHTMIRE, J., not participating.