**STATE of Oklahoma, Appellant,**

v.

**Rickey SIMS and Ken Boyer, Appellees.**

**No. 61772.**

Supreme Court of Oklahoma.

Nov. 13, 1984.

---

**9.** Okl. 587 P.2d 976 (1978).

Frank E. Walta, Asst. Dist. Atty., Oklahoma City, for appellant.

Sidney J. Gorelick, Gorelick & Gorelick, Oklahoma City, for appellees.

BARNES, Chief Justice:

This matter presents the question of whether a timely filed motion to vacate a bond forfeiture is properly granted under 59 O.S.Supp. 1982, § 1332(3) when a person other than the bondsman is responsible for the defendant being placed back into the custody of the court within the prescribed sixty-day period. We hold that it is.

The facts of the case are not disputed. Defendant Rickey Sims was arrested and charged in Oklahoma County with driving under the influence and possession of a controlled substance. He was bonded out of jail the day after his arrest and was ordered to reappear for arraignment in eleven days. The defendant failed to appear at his hearing, and the court forfeited his bond pursuant to 59 O.S.Supp. 1982, § 1330.[1] Almost a month later, he was arrested on unrelated charges. Upon learning of his arrest, the bondsman put a "hold" on the defendant and asked that he be brought before the court in order that the bondsman could surrender him to the court and ask to withdraw from the forfeited bonds. The bondsman later filed a motion to vacate the bond forfeiture pursuant to 59 O.S.Supp. 1982, § 1332(3). The pertinent part of the statute reads as follows:

If the defendant is surrendered to the custody of the sheriff or court wherein the forfeiture has been ordered within sixty (60) days from the date of said notice of order of forfeiture, the court,

upon motion of the defendant or the bondsman, shall set aside the forfeiture.[2]

The state objected to the motion to vacate, claiming the statute applied only in cases where the bondsman caused the defendant to be brought into the custody of the court. In this instance, the defendant was arrested by a Highway Patrolman. The State asserts that this situation falls outside the meaning of the phrase "the defendant is surrendered".

The State cites *Riffe Petroleum Co. v. Great National Corp., Inc.*, 614 P.2d 576 (Okl.1980), in which we stated "the ascertainment of legislative intent is the cardinal rule of statutory construction.... In the absence of a contrary definition of the common words used in the act, we must assume that the lawmaking authority intended for them to have the same meaning as that attributed to them in ordinary and usual parlance."

The state then contends that "surrender" as used in the case of a bond forfeiture means "the delivery of a principal into lawful custody by his bail." We agree with this definition. Furthermore, we find that this is precisely what the bondsman did in this case. After the defendant was arrested, the bondsman had him brought before the court and there made a symbolic surrender of him to the court. It is irrelevant that the initial contact with the defendant was made by police officers who arrested him and took him into custody.

The fallacy of the state's argument can be shown by simply assuming that the arrest and detention occurred before his appearance date. Given these facts, there

---

1. 59 O.S.Supp. 1982, § 1330 provides in part:
 If there is a breach of the undertaking, the court before which the cause is pending shall declare the undertaking and any money that has been deposited as bail, forfeited and the proceeds thereof paid into the clerk of the court. In the case of a surety bondsman, property bondsman or professional bondsman, the court shall immediately direct a copy of said order and judgment of forfeiture to the Commissioner who shall give notice by mailing a copy of said order and judgment of forfeiture to the surety bondsman and his

 insurer, property bondsman or the professional bondsman and upon final order and judgment of forfeiture shall give notice by mailing a copy of said final order and judgment of forfeiture and directing them to make a deposit to the Commissioner of cash or other valuable security in the face amount of said forfeiture.

2. The requirement "for good cause shown" previously included in this statute was stricken by this amendment.

would be no question that the bondsman could be relieved of his bond on symbolic surrender of the defendant to the court.

We are bound by the plain language of the statute. *Estate of Kasishke v. Oklahoma Tax Commission,* 541 P.2d 848 (Okl.1975). The legislature clearly intended that if the defendant is delivered to the court by the bondsman within sixty days of the notice of the forfeiture, it shall be set aside upon a proper motion from the defendant or the bondsman. The defendant was surrendered to the court by the bondsman within the required time period. Therefore, the court must grant the motion to set aside the bond forfeiture. The order of the district court is affirmed.

SIMMS, V.C.J., and HODGES, LAVENDER, HARGRAVE, OPALA, WILSON and KAUGER, JJ., concur.