**The STATE of Oklahoma, Appellee,**

v.

**Marcus E. EBENHACK, bondsman, Appellant.**

No. 62931.

Court of Appeals of Oklahoma, Division No. 2.

Dec. 24, 1985.

Rehearing Denied Jan. 21, 1986.

Certiorari Denied July 8, 1986.

M. Denise Graham, Asst. Dist. Atty., Tulsa, for appellee.

William E. Lewis, Tulsa, for appellant.

STUBBLEFIELD, Judge (sitting by designation).

The question to be answered in this appeal is whether the trial court erred in refusing to set aside bail bond forfeitures.

### I

Marcus Ebenhack, a bail bondsman, secured the release of two defendants charged in the District Court of Tulsa County. Richard Roth was charged in cases TR–84–3170 and TR–84–3171 with driving under the influence of intoxicating liquor and driving without an owner's security verification form. John William Shaffer was charged in case TR–84–3542 with the offense of driving without an owner's security verification form. Ebenhack posted bonds in Roth's cases in the amounts of $500 and $140, and posted $140 in the case against Shaffer. On June 15, 1984, defendant Shaffer failed to appear at his regularly scheduled court hearing. On June 22, 1984, Roth likewise failed to appear at his hearing. The bond in each case was ordered forfeited, with orders and judgments of forfeiture subsequently issued and mailed as provided by statute. The judgment of forfeiture was entered and mailed in the Shaffer case on June 20, 1984, and in the Roth cases on June 27, 1984.

On June 26, 1984, John William Shaffer appeared before the District Court, pled guilty, and was fined. On July 2, 1984, Richard Roth appeared, and later pled guilty and was sentenced. In each instance, the defendant's appearance was apparently as a result of the efforts of bail bondsman Ebenhack.

Bondsman filed in each case a motion to set aside the forfeiture. The identical motions were all timely filed and provided:

COMES NOW, MARCUS EBENHACK, a licensed PROFESSIONAL BONDSMAN, by and through his Attorney of Record, R.W. Byars, and asks this Honorable Court to set a date certain to hear his motion to set aside the bond forfeiture previously entered in the above styled and numbered cause, for the reason that the [sic] was returned to custody on the 29th day of June, 1984, without cost to the State.

Further, the bondsman's motion is timely filed in accordance with 59 O.S., § 1332, as amended.

The district attorney contested the motions, which were consolidated for hearing and overruled by the trial court on August 8, 1985.

On appeal Bondsman lists three numerical propositions of error. Each of the three, however, is that the trial court erred in failing to set aside the forfeiture. The supporting rationale of the three propositions of error is that (1) forfeiture statutes must be strictly construed, (2) forfeitures may be set aside in the interest of justice, and (3) bail is not a source of revenue for the state.

### II

Bondsman's proposition that forfeiture statutes are to be strictly construed is a correct statement of the law. The Oklahoma Supreme Court in *State v. Nesbitt*, 634 P.2d 1306, 1308 (Okla.1981), stated: "[F]orfeiture statutes will be strictly construed and a forfeiture will not be decreed except when required to do so by clear

statutory language." Bondsman does not, however, indicate how the trial court's judgment varied from this rule. Bondsman admits that the defendants failed to appear and does not assert that the forfeiture and notice procedures were improper.

Bondsman more seriously propounds that the forfeitures should have been set aside in the interest of justice, since he was diligent in quickly bringing the defendants into custody. Unfortunately for him, this allegation does not give the trial court a cognizable ground for setting aside the forfeiture.

The pertinent statutes regarding bail forfeitures are 22 O.S.1981 § 1108 and 59 O.S.Supp.1984 § 1332. The former statute dictates a forfeiture "[i]f, without sufficient excuse, the defendant neglects to appear according to the terms or conditions of the recognizance, bond or undertaking." Section 1108, however, provides that "if at any time before the final adjournment of court the defendant or his bail appear *and satisfactorily excuse his neglect,* the court may direct the forfeiture to be discharged upon such terms as may be just." (Emphasis added.)

59 O.S.Supp.1984 § 1332, also deals with forfeiture of bail bonds, specifically with the notice of forfeiture and the motion to set the forfeiture aside. This statute provides that the bondsman may file a motion to set aside the order of forfeiture, "which motion shall contain the grounds upon which it relies." *Id.* at § 1332(B). Section 1332 does not specify what these grounds are, although prior to 1984 it did include some pertinent language. Prior to 1984, section 1332(3) provided:

> If the defendant is surrendered to custody of the sheriff or court wherein the forfeiture has been ordered within sixty (60) days from the date of said order, the court, upon the motion of the defendant or the bondsman shall set aside the forfeiture *for good cause shown* and upon proof that there has been no previous forfeiture of bond in the case at issue.

59 O.S.1981 § 1332(3) (emphasis added).

This language was in subsection 3 of section 1332 which dealt with a defendant's failure to appear as a result of being in custody of some other court. It would not seem applicable to defendants whose failure to appear was premised on reasons other than being elsewhere in custody. In any event, the Oklahoma Supreme Court in *Machell v. State,* 481 P.2d 148 (Okla.1970), held that the language "for good cause shown" as used in section 1332 was legally the same as that used in section 1108—"satisfactorily excuse his neglect."

The legislature in 1984 amended section 1332 and, among other changes, removed the language set forth above, including the phrase "for good cause shown." However, no additions were made from which it could be deduced that the legislature intended to expand the grounds for vacation of a bail bond forfeiture from that required under 22 O.S.1981 § 1108.

We reach a conclusion, after this latest amendment, identical to that which this court espoused when considering the same issue several years ago.

> This statute has been amended several times over the years, but none of the changes has altered defendant's duty to appear at appointed times or the statutory requirement of showing good cause *to excuse failure of appearance.*

*Presnell v. State,* 634 P.2d 775, 776 (Okla. Ct.App.1981) (emphasis added).

Thus, the setting aside of a bond forfeiture ordered upon a defendant's failure to appear has been and can only be premised upon satisfactorily excusing the defendant's neglect. A motion to set aside may not be premised on the fact that the failure of appearance was through no fault of the bondsman. *State v. Ginter,* 585 P.2d 1111, 1112 (Okla.1978). Likewise, diligence on the part of the bondsman in bringing the defendant into custody is an insufficient basis for setting aside a forfeiture. *State v. York,* 541 P.2d 1367, 1369– 70 (Okla.Ct.App.1975).

In this case the bondsman's motions were premised solely upon the fact that the defendants had been returned to custody without cost to the state. The motions did not, therefore, state cognizable grounds for

relief, as required by section 1332. Because of that failing, the motions were dismissable by the court, had the state chosen to move to dismiss. Hearings were, however, held on the motions, at which time bondsman failed to offer any excuse for the defendants' failure to appear, or to offer any evidence of an excuse. The trial court under those circumstances could do nothing but deny the motions, since it would have been a clear abuse of discretion to grant the motions in the total absence of any evidence justifying or excusing the defendants' failure to appear. As this court has previously stated:

> It is within the sound discretion of the court whether to grant a motion to set aside bond forfeiture.... The court's discretion is limited to the facts, circumstances and merits of the reason offered for defendant's failure to appear.... The exercise of discretion is "triggered" only by evidence sufficient to justify defendant's failure to appear.

*Presnell,* 634 P.2d at 776 (citations omitted).

### III

 Bondsman finally argues that no valid purpose is served by a forfeiture when the bondsman speedily brings the defendant into custody. Bondsman maintains that the denial of a motion to set aside the forfeiture in such a circumstance serves only to raise revenues, which is not a legally valid purpose.

Bondsman's argument presupposes that no harm is done when a defendant fails to appear, so long as he is subsequently brought into custody within a short time. It is an argument that demonstrates little understanding of the judicial process.

In truth, considerable disruption occurs in such an instance. The court's time is wasted, as well as the time of witnesses on hand for the scheduled proceedings, and the time and efforts of defense and prosecution attorneys. The proceedings must be reset and later wedged into the court's busy calendar if and when the defendant appears. A new order and notice of trial setting must be issued, and subpoenas reissued and served. In essence, all of the efforts of preparation for the regularly scheduled proceedings are nullified and must be duplicated.

There is, therefore, considerable reason to strictly hold the defendant to his responsibility to appear and to hold the bondsman to his contractually created duty to insure that the defendant timely appears. To allow vacation of bond forfeitures based on a bondsman's diligence *after* the missed appearance would give little incentive to a bondsman to insure that the originally scheduled appearances are made. Such a rule has not been sanctioned by the courts of this state, and we also decline to do so.

We conclude that the trial court did not err, and its orders and judgments are affirmed.

MEANS, Acting P.J., and BACON, J., concur.