STATE of Oklahoma, Appellee,

v.

Alex FISH, Appellant.

No. 66355.

Supreme Court of Oklahoma.

Dec. 16, 1987.

As Corrected March 4, 1988.

Robert H. Macy, Dist. Atty. by Winonia Griffin, Asst. Dist. Atty., Oklahoma City, for appellee.

Donald L. Easter, Midwest City, for appellant.

DOOLIN, Chief Justice.

The question presented on appeal is whether the legislature's amendment of 59 O.S.Supp.1984, § 1332(3), striking the requirement that a bondsman show good cause for a principal's failure to appear at trial because of incarceration by another court, excuses the bondsman in all other cases from the requirement that the principal or the bondsman present evidence of excusable neglect before a bond forfeiture will be set aside when the bondsman surrenders the principal to the court within thirty days of notice of the bond forfeiture.

The parties stipulate that: (1) Alex Fish [Principal] failed to appear at trial on February 9, 1986, for a criminal charge of driving under the influence of intoxicating liquor and his bond was ordered forfeited by the trial court; (2) Ken Boyer [Bondsman] surrendered the principal to the Sheriff of Oklahoma County three days later and timely filed a motion to set aside bond forfeiture; and (3) the trial court overruled the motion because the bondsman failed to present evidence of excusable neglect for the principal's failure to appear at trial. The principal and bondsman appeal. We affirm.

The principal and the bondsman rely on *State v. Sims*, 690 P.2d 1052 (Okl.1984), in support of their proposition that no cause need be shown by the bondsman when the bondsman surrenders the principal into custody within thirty (30) days after the bond is forfeited. They make this argument because the legislature struck the requirement from 59 O.S.Supp. 1984, § 1332(3)[1] that the bondsman show good cause for the principal's failure to appear at trial. In *Sims*, the principal failed to appear for arraignment and his bond was forfeited pursuant to 59 O.S.Supp. 1984, § 1330.[2] The principal was subsequently arrested, jailed, and the bondsman had the principal brought before the court within sixty (60) days from the notice of forfeiture. We upheld the trial court's decision to vacate the bond forfeiture pursuant to 59 O.S. Supp. 1984, § 1332(3).

---

1. The legislature further amended Section 1332 in 1984, effective May 23, 1984, shortly after the bond forfeiture that is the subject of this appeal. Section 1332(3) is now incorporated in section 1332(D).

2. Effective May 23, 1984, Section 1330 was repealed by the legislature, which incorporated Section 1330 into Section 1332 as 1332(A).

██ Title 59 O.S.Supp. 1984, § 1332(3), provides that if the principal's failure to appear at trial or hearing results from the principal being in the custody of any federal court, Oklahoma state court, or court of any other state, forfeiture will lie where the principal was surrendered by the bondsman to that court. If the principal is later surrendered by the bondsman to the court which ordered the forfeiture within sixty days from notice of forfeiture, the court shall set aside the forfeiture upon proper motion by the principal or bondsman upon proof that all expenses incurred in returning the principal were paid by the bondsman.[3] Here, the record is silent that the principal's failure to appear at trial on February 9, 1986, was the result of the principal's incarceration by another court. Under these facts, neither *Sims* nor 59 O.S.Supp. 1984, § 1332(3), applies.

Title 22 O.S.1981, § 1108(A), provides that "[i]f, *without sufficient excuse*, the defendant neglects to appear according to the terms or conditions of the ... bond ... for ... trial ... the court must direct the fact to be entered upon its minutes, and the ... bond ... is and shall be thereupon declared forfeited." [emphasis added] Title 59 O.S.Supp.1984, § 1330, provides that "[i]f there is a breach of the undertaking, the court before which the cause is pending shall declare the undertaking and any money that has been deposited as bail, forfeited and the proceeds thereof paid into the clerk of the court." Title 59 O.S.Supp.1984, § 1332, provides that "[i]n the event of the forfeiture of the bail bond the clerk of the trial court shall notify the bondsman ... who may within thirty days from the date of such notice, file with the court a motion to set aside the order of forfeiture *which*

*motion shall contain the grounds upon which it relies.* [emphasis added].

██ Reading 22 O.S. 1981, § 1108(A), and 59 O.S.Supp.1984, §§ 1330, 1332, *in pari materia*, we hold that before a bond forfeiture may be set aside, the principal or the bondsman must show grounds for excusable neglect, except in those situations where good cause need not be shown under 59 O.S.Supp.1984, § 1332(3), at which time the trial court, in exercise of its sound discretion, may set aside the forfeiture.

██ The purpose of an appearance bond in a criminal proceeding is two-fold: first, to secure the liberty of the accused while awaiting trial or hearing; second, to guarantee the appearance of the accused at such times as the court may direct until judgment and sentence is pronounced.[4] The surety on an appearance bond undertakes an absolute duty to produce the principal at the time set for trial or hearing and is bound to know when the principal's presence is required.[5] A mere showing of due diligence by the bondsman in securing the principal's appearance after bond has been forfeited, absent a showing of excusable neglect by the principal or the bondsman, is not sufficient ground for setting a bond forfeiture aside.[6] And the conduct that must be satisfactorily excused relates only to the conduct of the principal, not to the bondsman's good faith effort to secure the appearance of the principal.[7] The sole defenses for failure to appear are act of God, act of obligee, or an act of law, and when none of these conditions are present, no defense is presented sufficient to set aside a bond forfeiture.[8] If the principal or bondsman satisfactorily excuses the principal's failure to appear, then granting of the motion to set aside bond forfeiture is with-

3. *See also State v. Mauldin,* 602 P.2d 644, 647 (Okl.1979).

4. *Gibson v. State,* 655 P.2d 1028, 1029 (Okl. 1982); *Leigh v. State,* 698 P.2d 936, 939 (Okl.Cr. 1985).

5. *State v. Imperial Insurance Co.,* 539 P.2d 734, 735 (Okl.1975); *State v. Scott,* 371 P.2d 704, 706 (Okl.1962); *Ramer v. State,* 302 P.2d 139, 141 (Okl.1956).

6. *Lorentz v. State,* 531 P.2d 332, 334 (Okl.1975); *Machell v. State,* 481 P.2d 148, 150 (Okl.1971); *Boice v. State,* 473 P.2d 241 (Okl.1970); *State v. York,* 541 P.2d 1367, 1369–70 (Okl.Ct.App.1975).

7. *Presnell v. State,* 634 P.2d 775, 776 (Okl.Ct. App.1981).

8. *White v. State,* 412 P.2d 181, 184 (Okl.1966); *Ramer v. State, supra* note 5 at 140.

in the sound discretion of the court.[9] But a predicate to the exercise of discretion in setting aside a bond forfeiture is evidence sufficient to justify the principal's failure to appear, otherwise forfeiture of bond will stand.[10]

 Although the bail bond business is, and in the public interest should be, closely regulated,[11] we are also mindful that forfeiture statutes must be strictly construed and a forfeiture will not stand except when required by clear statutory language.[12] The legislature struck the requirement that good cause be shown when 59 O.S.Supp. 1984, § 1332(3) applies. The statutory language is clear, however, that in all other cases not involving Section 1332(3), the principal or the bondsman is required to show excusable neglect before a court may exercise its discretion and set aside a bond forfeiture. To rule otherwise would remove an effective, and sometimes the only, means of assuring appearance for criminal trials and hearings.

The decision of the District Court should be, and hereby is, AFFIRMED.

HARGRAVE, V.C.J., and LAVENDER, OPALA, WILSON, KAUGER, and SUMMERS, JJ., concur.

SIMMS, J., concurs in result.

**9.** *State v. Ginter,* 585 P.2d 1111, 1113 (Okl.1978); *State v. Imperial Insurance, Co., supra* note 5 at 735.

**10.** *Presnell v. State, supra* note 7 at 776.

**11.** *Resolute Insurance Co. v. The Seventh Judicial District Court of Oklahoma County, State of Oklahoma,* 336 F.Supp. 497, 500 (W.D.Okla. 1971), *aff'd,* 404 U.S. 997, 92 S.Ct. 558, 30 L.Ed. 2d 550 (1971), *reh'g denied,* 405 U.S. 948, 92 S.Ct. 931, 30 L.Ed.2d 818 (1972). *See also* 59 O.S.Supp.1984, §§ 1301–1340.

**12.** *State v. Nesbitt,* 634 P.2d 1306, 1308 (Okl. 1981).