**PAVESTONE, a Texas corporation, Appellant,**

v.

**INTERLOCK PAVERS, INC., an Oklahoma corporation, Defendant,**

**Fountaingate Homeowners Association, Inc., a corporation, Appellee,**

**and**

**Jack Wallace and Joan Wallace, on behalf of themselves and all others similarly situated, Intervenor/Appellees.**

**No. 69276.**

Court of Appeals of Oklahoma, Division No. 1.

Jan. 24, 1989.

Rehearing Denied March 21, 1989.

John Morris Williams, Oklahoma City, for appellant.

Arthur S. Bay, Murray Cohen, George L. Verity, Oklahoma City, for appellees.

MEMORANDUM OPINION

HANSEN, Judge:

This case involves a real estate development known as Fountaingate of Quail Creek addition to Oklahoma City, Oklahoma. It is composed of 50 privately owned residential lots. Fountaingate Homeowners Association, Inc. (Fountaingate) is the title owner to the streets, club house and other common areas in the addition. In 1984 Fountaingate hired the defendant Interlock Pavers, Inc. (Interlock) to install paving stones at the entrance to the subdivision. Interlock purchased the paving stones from Pavestone and installed them. Fountaingate paid Interlock but Interlock did not pay Pavestone.

Pavestone originally filed this action against Interlock only. Soon thereafter it properly filed its lien statement against the property owned by Fountaingate. However, it had not given prior notice to Fountaingate provided for in 42 O.S.1981 § 142.1. It later filed an amended petition joining Fountaingate as a defendant and seeking foreclosure of its lien. The trial court permitted the individual homeowners as a class to intervene in the action.

The case was submitted to the court on stipulated facts. The trial court found in favor of Fountaingate and the intervenors based on its decision the lien was invalid because no § 142.1 notice was given to Fountaingate or the individual owners. Pavestone appeals.

The only issue before us is one of first impression. Do the notice provisions of 42 O.S.1981 § 142.1 apply to streets and common areas owned by incorporated homeowners associations such as Fountaingate? We answer in the negative.

Section 142.1 provides:

"No lien arising under the provisions of Sections 141 through 153 of this title which affects property presently occupied as a dwelling by an owner shall be enforceable unless, prior to the first performance of labor or the first furnishing of materials by the lien claimant, the original contractor, subcontractor, laborer, or materialman shall have provided to one of the owners a written notice which shall include substantially the following language:....."

■ Pavestone admits it did not give this notice to Fountaingate or the individual owners. It argues on appeal that § 142.1 does not apply to corporate property. The individual homeowners have no deed or other instrument granting to them an individual interest in the property of Fountaingate. They are merely stockholders of that homeowners corporation. In addition there is no "dwelling" located on the corporate property. It submits the statute simply is not directed to this situation.

Appellees do not deny Pavestone furnished the materials or that it has not been paid. They claim under Fountaingate's bylaws Fountaingate holds the property in trust for the individual owners who are thus the beneficial owners of the common areas. As beneficial owners of the common areas, they claim they are entitled to the § 142.1 notice.

Appellees' attempt to fit the common areas of the addition into the framework of the statutes by claiming the individual owners are the beneficial owners of the property fails. Neither the corporate declaration nor the bylaws create a trust. No trust instrument was filed of record. Title to the common areas is held solely by Fountaingate. None of the individual homeowners have a deed or other instrument granting them any individual interest in the Fountaingate property. Assuming a constructive trust relationship could exist, Pavestone certainly cannot be charged with knowledge of the claimed ownership. See, *Hudson–Houston Lumber Co. v. First State Bank*, 132 Okl. 125, 269 P. 1054 (1928).

■ Appellees also attempt to uphold the trial court's judgment by equating their interest in the property to that of a condominium owner, thus placing them under the Unit Ownership Act, 60 O.S.1981 §§ 501 et seq. This also fails as there is no common ownership of the real property on which the residences are located. This act does not provide for its application to individual-

ly owned lots with individually owned dwellings built on them.

 Materialmen's liens are statutorily created rights. While they are accorded liberality in enforcement after the lien attaches, they enjoy no preference in determining the existence of the lien. *C & C Tile and Carpet Co., Inc. v. Aday*, 697 P.2d 175 (Okla.App.1985) and cases cited therein. In *Aday* Judge Reif held even if an owner temporarily vacates a residence in order for it to be repaired, he would still be entitled to a § 142.1 notice based on constructive occupancy. He analogized the protection of this statute to that of homestead protection.

This situation is not comparable to a homestead foreclosure. No "owner occupied building" is being foreclosed. Appellees seek to compare the street where the paving was installed to a driveway. We are not convinced. Foreclosure for failure to pay for material used in a driveway would lose the property owner his dwelling. In the present situation foreclosure does not affect any of the individually owned homes or lots. All that is being foreclosed is the corporate, common area property.

The Oklahoma Mechanics' and Materialmen's lien laws, 42 O.S.1981 §§ 141, et seq. have been challenged as unconstitutionally depriving homeowners of property without due process of law. The Oklahoma Supreme Court held this not to be the case. *See, Mobile Components, Inc. v. Layon*, 623 P.2d 591 (Okla.1981). By enacting the notice provisions of our lien laws, the Oklahoma Legislature meliorated the potential harsh results of failure of a paid contractor to pay his debts to materialmen. Section 142.1 gives some protection to homeowners.

We are bound by the plain language of the statute. *State v. Sims*, 690 P.2d 1052 (Okla.1984). The Legislature clearly limited the protection of the statute to owner occupied dwellings. To expand its protections, however just, to common areas, owned by a homeowners association, would invade the province of the Legislature. This is not our prerogative.

Accordingly, the judgment of the trial court is REVERSED and the cause REMANDED for further proceedings.

HUNTER, P.J., and MacGUIGAN, J., concur.