The STATE of Oklahoma, Appellant,

v.

Randy KUBIK, Appellee.

No. 71836.

Court of Appeals of Oklahoma, Division No. 4.

Jan. 30, 1990.

Robert H. Macy, Dist. Atty., Aletia C. Haynes, Asst. Dist. Atty., Oklahoma City, for appellant.

REIF, Judge.

The District Attorney of Oklahoma County appeals an order vacating a bail bond forfeiture and remitting the bondsman's cash deposit. The bondsman moved for this relief on the ground that the defendant was "returned to constructive custody of Oklahoma County, Oklahoma, within the statutory time limits, by being placed in custody in Williamson County, Tennessee, and a hold being placed upon him." In granting the bondsman's motion, the court found "sufficient facts" supported the remitter, notwithstanding a specific finding that "defendant was not in custody on the date of the forfeiture." The district attorney contends that the remitter was contrary to the express language of 59 O.S. Supp.1989 § 1332(E), because (1) the defendant was not in custody in another jurisdiction on the date of his failure to appear, and (2) the bondsman did not pay the expenses for his return. The bondsman has not filed a response to the petition in error or an answer brief and therefore is in default.

Upon review of section 1332(E) and the record, we hold that the judgment was erroneous, because the bondsman failed to state a statutory ground for remitter and the record fails to reflect compliance with the statutory conditions. Admittedly, section 1332(E) is awkwardly composed and addresses several unrelated subjects, and requires favorable construction to parties liable for bond forfeitures. However, a favorable construction cannot enlarge the grounds for remitter to include "constructive custody." A defendant must be "returned to custody [of the forfeiting court] within ninety (90) days after payment is due." The only other alternative is for there to be "proof to the [forfeiting] court that the defendant is still in custody [of another court] and all expenses [for the defendant's return] have been paid by the bondsman." (Emphasis added.) Additionally, in cases such as the instant one, where the defendant is not in custody on the date of the forfeiture, "sufficient excuse" must be shown for the defendant's failure to appear. See State v. Ebenhack, 748 P.2d 538 (Okla.Ct.App.1985); 22 O.S.Supp.1989 § 1108. Accordingly, the order of remitter is reversed and this cause is remanded for further proceedings for collection of the forfeiture.

STUBBLEFIELD, J., concurs.

BRIGHTMIRE, C.J., dissents.